Alexandria

DAVID LLOYD FRAZIER

v.

COMMONWEALTH OF VIRGINIA, et al.

No. 1072-85

Decided September 16, 1986

COUNSEL

David L. Frazier, *pro se.*

Thomas C. Scanlan, Assistant Commonwealth Attorney for the County of Fairfax.

Carolyn S. Motes (Motes and Halsey, on brief), for appellee Janice Lewis.

OPINION

**BAKER, J.** — David Lloyd Frazier (appellant) appeals from a July 23, 1985 order of the Circuit Court of Fairfax County (Circuit Court) which found him in contempt of court for failure to timely pay Motes and Halsey (counsel), attorneys for appellant's former wife, the sum of $2,500 as directed in a November 26, 1984 order of the Juvenile and Domestic Relations District Court of Fairfax County (District Court).

Janice Lewis (wife) was formerly married to appellant. There was one child born of their marriage. In a prior proceeding in a court in the State of Ohio (Ohio court) wife procured an order which required appellant to pay her $510 per month child support. When appellant failed to make the payments required by the Ohio court order, wife brought a further action against him in the Ohio court and obtained a judgment in the sum of $7,369.46.

Thereafter, appellant moved to Fairfax County, Virginia, and continued to disregard the Ohio court orders. Pursuant to the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), wife petitioned the Ohio court to forward the orders to the Virginia courts for enforcement. The petition and orders were sent to the District Court where an evidentiary hearing was held. That court entered an order on November 26, 1984, which declared that the Ohio court orders must be given full faith and credit and ordered that appellant continue to pay $510 per month as child support. The District Court order also awarded a judgment in favor of wife against appellant for $7,369.46 with interest as provided in the Ohio court order, and a further judgment in favor of wife in the sum of $5,190.54 with interest for arrearages accumulated since the Ohio court judgment. In addition, appellant was directed to make certain monthly payments on the ar-

rearages and within ninety days to pay counsel the sum of $2,500 as a fee for representing wife in the RURESA proceeding. Appellant did not appeal the November 1984 District Court order.

Although he complied with the District Court support order, appellant failed to pay within the ninety day period the $2,500 fee awarded to counsel. Thereafter, counsel requested the District Court to require appellant to show cause why he should not be held in contempt for failure to comply with that portion of the order which directed him to pay the $2,500 fee award. Appellant invoked the provisions of Code § 34-29[1] as his defense to the show cause order. He asserted that the monthly support and arrearages payments ordered by the courts exceeded 55% of his monthly income and, therefore, legally he could not be required to pay any sum ordered which would amount to more than 55%. The District Court rejected that plea and found that appellant was in contempt of court. He appealed that order to the Circuit Court.

While his appeal to the Circuit Court was pending, appellant filed a malicious prosecution suit against counsel. In the Circuit Court contempt hearing, in addition to the defense of Code § 34-29, appellant claimed a set off against counsel by way of the malicious prosecution action then pending. In this appeal the parties conceded that a demurrer to the suit was sustained by the Circuit Court and that the Supreme Court of Virginia had refused appellant's appeal of the order which sustained the demurrer. (*See* Supreme Court Order entered on February 27, 1986, in Record No. 850752).

At the Circuit Court hearing on June 27, 1986, appellant's monthly income was shown to average $8,500, or approximately $100,000 on an annual basis. The support payments he was required to make were less than 55% of his June 27, 1986 monthly income. The Circuit Court rejected both defenses and found him in contempt. He was permitted to purge himself of contempt by paying $2,500 to counsel on or before July 5, 1986.

Appellant posted a $2,500 cash bond and appealed the Circuit Court finding to this Court.

---

[1] Code § 34-29 provides in pertinent part that "[t]he maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed . . . [fifty-five percent] of such individual's disposable earnings for that week."

I.

Appellant is an attorney qualified to practice in Virginia; however, his full time active profession is that of a commercial airline pilot. His arguments appear to change and grow as adverse decisions against them are rendered. When required to show cause why he should not be held in contempt, appellant first asserted in the District Court that its order entered on November 26, 1984, was not enforceable because it was in violation of Code § 34-29. As aforenoted, he did not appeal the November 1984 order.

■ The District Court had jurisdiction of the subject matter[2] and of the parties when it ordered appellant to pay counsel the sum of $2,500. If appellant had wanted to contest that ruling, his relief would have had to come on appeal. He elected, without cause, to disregard the order. We hold that the November 26, 1984 order was valid and free of any error; however, even if that decision had been erroneous it is as binding as any other until set aside or corrected by appeal. Until then, its terms must be obeyed and failure to do so will make the failing party liable for contempt.

In the Circuit Court and on appeal to this Court, appellant argues that even if the November 26, 1984 District Court order is valid, it is not enforceable because if he were required to pay the $2,500 fee, that order required him to pay more than 55% of his income at the time of its entry; therefore, it cannot be enforced. We disagree. The issue here is whether appellant, without cause, failed to comply with a binding order. Code § 34-29 applies to garnishments and nothing more, and is not applicable to this cause.

■ In the Circuit Court hearing, the burden was on appellee to prove only that appellant had failed to comply with the District Court order. Appellant had the burden to prove justification for his failure to comply. The evidence disclosed that appellant was earning in excess of $100,000 annually and, even if Code § 34-29 were applicable the sum he was ordered to pay would not have exceeded 55% of his income. Thus, it is clear that appellant knowingly and deliberately refused to comply with the District Court order and, therefore, was in contempt of court.

---

[2] Code §§ 20-88.12 through 20-88.31.

## II.

Appellant asserts as a second defense that he has a "set off" by way of his malicious prosecution suit against counsel. That suit was dismissed by an order sustaining a demurrer thereto and his petition for an appeal was refused by the Supreme Court of Virginia. He has no set off as claimed.

Accordingly, the judgment appealed from is

*Affirmed.*

Coleman, J., and Duff, J., concurred.