## CIRCUIT COURT OF FAIRFAX COUNTY

Elizabeth Solomon Klein

    v.

Randolph C. Klein

September 1, 1989

Case No. (Chancery) 88426

By JUDGE THOMAS S. KENNY

This matter was before the Court on August 4, 1989, concerning the Complainant's rule to Show Cause against the Defendant, Mr. Klein. The Complainant was attempting to have Mr. Klein held in contempt for his failure to convey his interest in the jointly owned property at 12904 Framingham Court, Herndon, Virginia, by General Warranty Deed, rather than by Quitclaim Deed. Mrs. Klein was also attempting to impose contempt for his failure to reimburse her $5,000 in attorney's fees.

The Court is of the opinion that the title transfer may be by quitclaim deed. The Court's order of June 9, 1989, requires Mr. Klein to "convey all of his right, title and interest in the marital home" to Mrs. Klein. The Court believes that this language means just what it says, that is, that Mr. Klein is required to transfer to Mrs. Klein whatever interest he has in the property. A quitclaim deed is an appropriate vehicle for accomplishing this. To require Mr. Klein to give a general warranty deed could result in him being required to give more of a title than he has. If Mr. Klein has fraudulently encumbered the title in anticipation of or subsequent to the Court order, Mrs. Klein would presumably be able to seek appropriate relief; however, no such evidence

is before the Court and accordingly Mr. Klein is ordered to immediately transfer, by quitclaim deed, whatever interest he has in the marital home to Mrs. Klein.

The second ground on which the Complainant, Mrs. Klein, sought a contempt ruling was Mr. Klein's failure to pay the attorney's fees awarded in Judge Bach's divorce decree of June 9, 1989. The decree provides that Mr. Klein "shall pay to Elizabeth Solomon Klein the sum of $5,000 as and for a contribution to her attorney's fees and costs expended . . . . " During argument on the motion, the Court questioned whether this was a directive to pay, punishable by contempt, or whether it was merely a judgment for $5,000, enforceable as any other judgment would be. I believe I gave the impression that I felt it was merely a judgment, and probably for that reason neither counsel briefed the point in his memorandum. However, after further research the Court is of the opinion that the failure to pay attorney's fees awarded by the Court under these circumstances is punishable by contempt. *See Frazier v. Commonwealth*, 3 Va. App. 84 (1986). The Court is reluctant to impose a sanction for contempt at this time, since the original decree did not establish a time frame within which the attorney's fees were to be paid. The Court hereby orders Mr. Klein to make the payment no later than December 1, 1989.