**Richmond**

CYNTHIA L. BARNHILL

v.

PASCHAL D. BROOKS, III

No. 0026-92-2

Decided February 16, 1993

698

COUNSEL

Larry A. Pochucha (Bremner, Baber & Janus, on brief), for appellant.

Thomas Wolf (Helen L. Konrad; Mezzullo & McCandlish, on brief), for appellee.

OPINION

**ELDER, J.**—Cynthia L. Barnhill (appellant) appeals from a decision of the trial court providing Paschal D. Brooks III (appellee), appellant's ex-husband, with a retroactive reduction in child support. She presents five assignments of error. For the following reasons, we affirm the judgment of the trial court.

I.

The parties were married on March 29, 1975, and divorced by decree entered May 2, 1988, at which time appellant obtained custody of the couple's two children. The final divorce decree required appellee to pay appellant $1,000 per month in child support ($500 per child), to maintain medical and hospitalization insurance on the children and to pay all medical and dental bills not covered by the insurance. On July 28, 1989, the circuit court granted appellee's petition for a reduction in child support from $1,000 to $800. Although this reduction took place approximately one month after the effective date of Virginia's presumptive child support guidelines under Code § 20-108.2, the $800 amount deviated from the statutory "presumptive amount," which was calculated to be about $500. Although the statute required written findings in the event of a significant deviation, the trial court made no such findings. Neither party appealed that decision.

Shortly thereafter, appellee quit his job with Waste Management Company, which he had held from May 1988 until October 1989. During that period, appellee had received an annual salary of $30,000, a company vehicle, health insurance and other benefits. At the time he quit, appellee had no other offers of employment. He then moved to Oregon with his new wife, but returned to Virginia in March 1990. From October 1990, until the time of trial, appellee was employed at LMC Safety Barricades Corp., earning $340 per week.

On June 28, 1991, appellee again petitioned for a reduction in child support. He failed to pay any support during the months of July, August and September, but he notified his ex-wife of his inability to

pay and made a lump sum payment of $1,500 in October 1991. In a hearing held on November 4, 1991, after reviewing the parties' respective financial situations, the court calculated the presumptive amount of appellee's support obligation as $271 per month plus health insurance. In reaching this amount, the court considered appellant's increase in monthly income and appellee's legal obligation for support of the child born of his second marriage. However, because it found that appellee had voluntarily reduced his income by quitting his job with Waste Management and failing to secure comparable employment, the court adjusted the presumptive support obligation upward to $500 per month total ($250 per child). Although appellee had not so requested, the court made this reduction retroactive to August 1, 1991, and gave him thirty days to pay the $800 in arrearages. It chose not to hold him in contempt for the arrearages, based both on his October payment and the burdensomeness of his dual support obligation. Finally, the court concluded that appellant was not entitled to attorney's fees because appellee's petition for reduction was justified.

## II.

■ Appellant presents five assignments of error. In reviewing these assignments, we are guided by the principle that decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence. *Young v. Young*, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986).

### A.

Appellant asserts first that the trial court should not have granted appellee any reduction in support, even based on a material change in circumstances, because he voluntarily reduced his income. Analysis of this issue requires a discussion of several basic principles relating to the calculation of child support awards.

■ In all child support proceedings originating after July 1, 1989, the court must apply the provisions of Code §§ 20-107 and 108. *See, e.g., O'Brien v. Rose*, 14 Va. App. 960, 963, 420 S.E.2d 246, 248 (1992). These sections provide for the calculation of a "presumptive" amount of child support as a percentage of the parents' combined gross monthly incomes. Code § 20-108.2 establishes a rebuttable presumption that this percentage is appropriate under the circumstances, and a trial judge who wishes to deviate from the presumptive amount

must make findings of fact to justify the deviation. *Id.* at 964, 420 S.E.2d at 248-49.

Once an award has been entered, only a showing of a material change in circumstances by one of the parties will justify a review of the award, and the moving party has the burden of proving that material change by a preponderance of the evidence. *Antonelli v. Antonelli*, 242 Va. 152, 154, 409 S.E.2d 117, 118-19 (1991) (citing *Edwards v. Lowry*, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986)). If the previous award was entered prior to July 1, 1989, the effective date of the guidelines, the material change in circumstances rule "is [not] required as a condition precedent to [review and adjustment] where either [party] can show a significant variance between the guidelines and the court's prior decree." *Milligan v. Milligan*, 12 Va. App. 982, 988, 407 S.E.2d 702, 705 (1991). If the prior award was made *after* the effective date of the guidelines, however, a significant variation between the presumptive and actual support amount is not sufficient to justify review of the award. *See id.* In addition, although the guidelines require the court to make findings of fact to explain any significant deviation therefrom, the court's failure to do so, without more, does not provide an adequate basis for subsequent review of the award at the trial level. *See Hiner v. Hadeed*, 15 Va. App. 575, 581, 425 S.E.2d 811, 815 (1993). The only method for challenging the court's deviation from the guidelines or failure to make the required findings is by direct appeal. *Id.*

In this case, the facts show that the previous award was made on July 28, 1989, following the enactment of the guidelines. Although the judge in the proceeding of November 4, 1991, determined that the amount of support calculated in the July 1989, proceeding deviated significantly from the presumptive amount, he also noted that the record from the prior proceeding did not contain the required findings of fact. Our recent holding in *Hiner*, 15 Va. App. at 581, 425 S.E.2d at 815, as outlined above, makes clear that this deviation alone would not justify review of the award. In this case, however, the evidence was sufficient for the trial court to find that appellee had met his burden of showing a material change in circumstances by a preponderance of the evidence, thereby justifying review of the award.

The evidence shows that appellee's financial situation has changed in two respects since the entry of the court's last support award—his earned income is lower, and his expenses have increased because he must now pay court-ordered support of $455 for the child born of his

second marriage. In regard to this reduction in income, however, appellee also had to show that he was not "voluntarily unemployed or underemployed." *Antonelli*, 242 Va. at 154, 409 S.E.2d at 119 (quoting Code § 20-108.1(B)(3)).

The facts here are more compelling than those in *Antonelli*, in that appellee had no alternate employment plans when he quit his job with Waste Management Company. Clearly, the trial court was justified in finding that appellee was voluntarily underemployed. Contrary to appellant's assertions, however, voluntary underemployment is not an absolute bar to judicial adjustment of child support if other material changes in circumstances have occurred that are not the fault of the movant. The guidelines include voluntary underemployment as only one of several factors to be considered in adjusting the presumptive child support amount. *See* Code § 20-108.1(B)(3); *Richardson v. Richardson*, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). Appellee was still entitled, therefore, to an adjustment in the amount of support based on two other proven material changes—his new legal obligation to support the child born of his second marriage and his first wife's increase in income.

The question we must now address is one left unanswered by our recent decision in *Hiner*: whether, in proceedings where no written findings were made supporting a prior deviating award of support, the trial judge should first look to the guidelines or look to the prior award.

The purpose of the statutory guidelines is to reduce the disparity among various child support awards. By providing an express formula for determining the presumptive amount of support and requiring written findings to justify deviation therefrom, the legislature sought to increase uniformity and the effectiveness of appellate review. *Richardson*, 12 Va. App. at 22, 401 S.E.2d at 896. However, a certain degree of finality must be accorded such decisions. For that reason, we concluded in *Hiner* that a trial judge's failure to make written findings justifying deviation may be challenged only on direct appeal and not in a subsequent proceeding. "If the rule were otherwise, parties could re-litigate support *ad infinitum* so long as the amount of support deviates significantly from the guidelines." *Hiner*, 15 Va. App. at 581, 425 S.E.2d at 815.

We also acknowledged in *Hiner* that if we were to bar review completely, an erroneous award made without any specific written

findings, might "continue to serve as the basis for all future modification proceedings." *Id.* Neither of these approaches would meet our goals of achieving uniformity and conserving judicial resources. Accordingly, we hold that, where the movant can show a material change in circumstances justifying review of a prior award, the judge reviewing that award must always recalculate the presumptive amount, regardless of any supported or unsupported deviation in the previous award. *See Watkinson v. Henley*, 13 Va. App. 151, 158, 409 S.E.2d 470, 473-74 (1991). The reviewing judge must, of course, consider any written reasons for deviating from the presumptive amount in the previous hearing if those circumstances still exist. Requiring the judge to use the amount of the previous award as his starting point, especially in the presence of an unexplained deviation, would subvert the goals discussed above.

Here, appellee has shown a material change in circumstances justifying review of the previous award. In conducting this review, the trial judge should not be required to use as his starting point the unexplained deviation from the guidelines that occurred in the previous proceeding. Any circumstances that might have been considered but not enumerated to justify the original deviation may be factored in during the subsequent proceeding, provided they still exist and are presented to the trial judge.

The record shows, in keeping with the above, that the trial judge calculated the presumptive amount of support based on the parents' incomes, taking into account appellee's voluntary underemployment and those other factors listed in Code § 20-108.1. Under the guidelines, income based on a parent's underemployment is to be imputed only *after* the presumptive amount has been calculated. This case presents a somewhat unique situation, however, because the record before us actually contains an exhibit indicating precisely what appellee's prior gross monthly income was. By using this figure as appellee's actual present gross monthly income for calculating the presumptive amount, we determine that the trial judge properly imputed appellee's former income.[1] Because appellant has presented no evidence to this Court that indicates that the trial court erred in its calculations, we affirm the determination of the trial court as to this issue.

---

[1] By using appellee's *former* gross monthly income of $2,480 and appellant's *current* gross monthly income of $4,282, we arrive at a combined gross monthly income of $6,762. We then extract the total monthly support obligation of $1,288 from the chart in Code § 20-108.2, to which we add monthly child care costs of $130, for a total of $1,418. Under this approach

## B.

Appellant next contends that the trial court should not have entertained appellee's motion to reduce support while he was in arrears. Appellant has failed, however, to cite any statutory or case law that would bar such a motion. The cases appellant cites stand only for the proposition that the trial court *may*, in its discretion, choose not to entertain such a motion until appellee has paid any arrearages. *See, e.g., Davis v. Davis*, 206 Va. 381, 387, 143 S.E.2d 835, 839 (1965) (holding that "it would be proper for the court to refuse to proceed further upon the complainant's prayer for a divorce until he has satisfactorily complied with . . . such further decree with regard to child support"); *Gloth v. Gloth*, 154 Va. 511, 555, 153 S.E. 879, 893 (1930) (holding that the "court may, and should, . . . refuse to proceed further . . . until the [obligor] has [paid]"). We do not read these cases as mandating such a result. In addition, the trial court did not find that appellee's failure to pay was willful,[2] and the evidence revealed that appellee notified his ex-wife of his inability to pay and made a partial lump sum payment prior to the date of the hearing on the petition for reduction. Accordingly, we cannot conclude that the trial court abused its discretion by entertaining appellee's motion while he was still in arrears.

## C.

Appellant also contends that the trial court erred in granting appellee a retroactive reduction in support because he did not specifically request it, was in arrears on the date of the hearing and had failed to make any support payments for a period of three successive months. Code § 20-108 sets forth the conditions required for modification:

---

$510—which is thirty-six percent of the guideline amount—is to be provided by appellee. This alternative method of imputing income—done prior to calculating the presumptive amount—further supports the correctness of the trial court's final support determination of $500.

Although the trial court did not specify whether it took appellee's other child support obligation into consideration in calculating this amount, it stated that it considered "the factors enumerated in the statute." Because neither party has presented this possible omission as an assignment of error, we do not consider it on appeal.

[2] The court's statements on this issue are somewhat unclear. At one point, when asked by counsel for appellant, "You're finding that the arrearages are not willful on the part of the defendant?", the court responded, "Well, no," and proceeded to calculate the amount of the arrearage. The court later stated that, if appellee paid the arrearage within thirty days, he would not be found guilty of contempt because to do so would not "add anything to this proceeding." It is not clear from the above passages whether the court found that appellee's failure to pay was willful or simply the result of financial inability.

> The court may . . . on petition of either of the parents, *or on its own motion* . . . revise and alter [a child support] decree. . . .
>
> No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party.

*Id.* (emphasis added). Although appellant asserts that this provision did not become effective until 1991, it has been a part of § 20-108 since 1987.[3] Accordingly, it governs in this case. The trial court found that appellee filed his petition for reduction on June 28, 1991, and that appellant received notice on July 16, 1991. On that basis, it made appellee's petition for reduction effective August 1, 1991, prior to the hearing date but subsequent to the notice date, in compliance with the statute.

## D.

■ Appellant further contends that the trial court erred in failing to hold appellee in contempt where he had funds available, albeit not enough to meet his full support obligation, but failed to make any payments for a period of three months. On appellate review of this issue, we may reverse the ruling of the trial court only if we find that it abused its discretion. *Wells v. Wells*, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991). A trial court may hold a support obligor in contempt for failure to pay where such failure is based on unwillingness, not inability, to pay. *Branch v. Branch*, 144 Va. 244, 250, 132 S.E. 303, 305 (1926); *see also Lindsey v. Lindsey*, 158 Va. 647, 654, 164 S.E. 551, 553 (1932). Once nonpayment is established, the burden is on the obligor to provide justification for the failure to comply. *Frazier v. Commonwealth*, 3 Va. App. 84, 87, 348 S.E.2d 405, 407-08 (1986). In this case, the court did not conclude that the arrearages were willful. As appellee pointed out in his brief, the evidence adduced at trial shows that his child support obligations exceeded his net monthly income by $33, and that in the months prior to July, 1991, he had borrowed the funds necessary to meet his support obligations. The evidence also showed that appellee did not fail to make a payment until

---

[3] The second portion of the statute became effective in 1987, *see* 1987 Va. Acts c. 649, whereas the first, which permits *sua sponte* modification, has been a part of the Code since 1944. *See* 1944 Va. Acts c. 277.

after he had filed his petition for reduction and that he notified appellant by letter of his inability to make the scheduled payment. Although the trial court could, in its discretion, have ruled that appellee should have paid at least a portion of the support due appellant, it did not so hold. We cannot conclude, based on the evidence in the record, that the court abused its discretion.

### E.

Lastly, appellant asserts that the trial court erred in denying her motion for attorney's fees. The parties agree that such a determination rests within the sound discretion of the trial court. *Davis v. Davis*, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989). After hearing the evidence, the trial court found that the petition for reduction was both "justified" and "very well handled." Accordingly, it denied appellant's request for attorney's fees. We cannot conclude, based on the record, that the trial court abused its discretion in so ruling.

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*

Fitzpatrick, J., and Moon, J., concurred.