COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. ANGELA A. GRAHAM
                                          OPINION BY
v.   Record No. 1368-99-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                          MAY 9, 2000
TRENTON L. BAZEMORE


              FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      Rodham T. Delk, Jr., Judge

              Steven F. Lederman, Special Counsel (Beth J.
              Edwards, Regional Special Counsel; Mark L.
              Earley, Attorney General; Ashley L. Taylor,
              Jr., Deputy Attorney General; Robert B.
              Cousins, Jr., Senior Assistant Attorney
              General; Craig M. Burshem, Regional Special
              Counsel, on brief), for appellant.

              No brief or argument for appellee.


     The Commonwealth of Virginia, Department of Social

Services, Division of Child Support Enforcement, ex rel.

Angela A. Graham ("Division"), appeals an order of the Circuit

Court of the City of Suffolk retroactively modifying an initial

support order requiring father to provide health care coverage

to the parties' minor child.  The sole issue raised is whether

the trial court, in the contempt proceedings for father's

failure to provide health care coverage, had authority to

retroactively modify the underlying support order.[1]  For the following reasons, we reverse and remand.

                                        I.

Trenton L. Bazemore ("father") and Angela A. Graham ("mother") are unmarried and have one biological child, CG.  On mother's behalf, the Division filed an initial petition for child support and health insurance.  On April 22, 1998, the Juvenile and Domestic Relations District Court for the City of Suffolk (J&DR court) entered an order establishing paternity and a support order in the amount of $86 per month.  The support order also required father to provide "health care coverage" for the child.  Father did not appeal the April 22, 1998 support order.

On August 25, 1998, the Division requested the J&DR court to require father to show cause why he should not be held in contempt for failure to provide health care coverage as required by the support order.  At the contempt hearing, father asserted that, although health care coverage was available through his work, he could not afford coverage for his minor child.  The J&DR court held that "health care coverage" was "not available 'at a reasonable cost'" and, therefore, found father not guilty of contempt.  Additionally, the J&DR court "retroactively deleted the provision that ordered [father] to provide health

_____

    [1] The Division does not challenge the trial court's finding that father was not in contempt.

-

insurance for the child."  The Division appealed this decision,
and the case was heard de novo in the circuit court.

The evidence at the ore tenus hearing established that
father was employed at the Department of Public Utilities for
the City of Portsmouth.  According to the written statement of
facts,

>[t]he Father testified that he has health
>insurance coverage for himself, but has
>failed to add his son under his coverage.
>The Father testified that he could have
>provided health care coverage for his whole
>family for an additional $119 per
>month. . . . The Father submitted into
>evidence his most recent pay-stub, which
>listed deductions from his gross pay
>including child support obligation, health
>care coverage premium, federal and state
>taxes, Social Security, and a deduction to
>pay the trustee under his Chapter 13
>bankruptcy plan.

At the conclusion of the hearing, the trial court found that
while health care coverage was "available to [father] at a
'reasonable cost' as defined by statute, . . . the burden on
[him] is unduly burdensome . . . ."  Accordingly, the trial
court dismissed the Motion to Show Cause and deleted the health
care coverage requirement from the April 22, 1998 support order.

## II.

On appeal, the Division contends the trial court erred in
deleting the provision for health care coverage from the
underlying support order.  The Division argues that father did
not appeal the original support order requiring health care

-

coverage, that the issue of modification was not properly before the trial court in the contempt proceedings, and that the trial court did not have authority to retroactively modify the underlying support order.

In awarding child support, the trial court has the authority to "order that support be paid for any child of the parties" and "order that any party provide health care coverage." Code § 20-124.2(C). Additionally, "[t]he court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section . . . including the authority to punish as contempt of court any willful failure of a party to comply with the provisions of the order." Code § 20-124.2(C). Thus, inherent in its power to order support for the maintenance of the parties' minor children, the trial court "'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'" Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (quoting Carswell v. Mesterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982)).

"In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court." Id. (citing Frazier v. Commonwealth, 3 Va. App. 84, 87, 348 S.E.2d 405, 407 (1986)). "The offending party then has the burden of proving justification for his or her failure

-

to comply." Id. (citing Frazier, 3 Va. App. at 87, 348 S.E.2d at 407). "[T]he inability of an alleged contemner, without fault on his part, to tender obedience to an order of court, is a good defense to a charge of contempt." Laing v. Commonwealth, 205 Va. 511, 514, 137 S.E.2d 896, 899 (1964) (citation omitted); see also Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993) ("A trial court may hold a support obligor in contempt for failure to pay where such failure is based on unwillingness, not inability, to pay." (emphasis added)).

In the instant case, while the trial court had authority, in its discretion, to find that the cost of health care coverage was "unduly burdensome" and that, for that reason, father was not in contempt, the trial court could not, without notice to the Division, delete the health care coverage provision from the underlying support order. It is well established that a trial court "may not retroactively modify a child support decree to cancel a support arrearage or to relieve a parent of an accrued support obligation." Bennett v. Commonwealth, Dep't of Soc. Serv., 22 Va. App. 684, 696, 472 S.E.2d 668, 674 (1996) (citing Cofer v. Cofer, 205 Va. 834, 838-39, 140 S.E.2d 663, 666-67 (1965); Taylor v. Taylor, 10 Va. App. 681, 683-84, 394 S.E.2d 864, 866 (1990)).

> Past due installments become vested and are
> not subject to change. A court may only
> modify a support order to be effective
> prospectively. The order may be made
> effective "with respect to any period during

-

which there is a <u>pending petition for</u>
<u>modification, but only from the date that</u>
<u>notice of such petition has been given to</u>
<u>the responding party</u>."  The court may modify
its support order upon motion of any party
in interest or upon its own motion.

<u>Id.</u> (citations omitted) (emphasis added).

In the ordinary case, any party in interest may file a

petition seeking to modify the support order and the responding

party will be afforded an opportunity to present evidence in

opposition to the proposed modification.  Where there is a

"pending petition for modification," the trial court has the

statutory authority to modify the support order, "but only from

the date that notice of such petition has been given to the

responding party."  Code § 20-108.[2]

In the instant case, father did not appeal the April 22,

1998 support order and never filed any petition for

modification.  The sole issue before the trial court was whether

_____

[2] Code § 20-108 provides in part:

> The court may . . . on petition of
> either of the parents, or on its own motion
> . . . revise and alter such decree
> concerning the care, custody, and
> maintenance of the children and make a new
> decree concerning the same, as the
> circumstances of the parents and the benefit
> of the children may require. . . .

> No support order may be retroactively
> modified, but may be modified with respect
> to any period during which there is a
> pending petition for modification, but only
> from the date that notice of such petition
> has been given to the responding party.

-

father was in contempt for "acting in bad faith" or for "willful disobedience" of the trial court's support order.  See Alexander, 12 Va. App. at 696, 406 S.E.2d at 901.  Although the trial court found that father was not in contempt, it exceeded its authority in the contempt proceedings by retroactively modifying the underlying support order.  See Code § 20-108.  Notice must be given to the Division--just as any other "responding party"--that the obligor seeks a modification of the support obligation, including the provision of "health care coverage" under Code § 20-124.2(C).  See, e.g., Bennett, 22 Va. App. at 696, 472 S.E.2d at 674 (holding that the prohibition against retroactive modification applies to a decrease and an increase in support).  Although the evidence supports the trial court's finding that father was not in contempt, it erred in retroactively modifying the underlying support order without prior notice to the Division.[3]  Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

[3] Whether the trial court had authority to prospectively modify the underlying support order, deleting the requirement of providing health care coverage from the date of the ore tenus hearing forward, is not before us.  In its "Objections" to the trial court's order, the Division conceded that "an order may only be modified prospectively."  The issue of prospective modification was not before the trial court, and we do not address it here.  See Rule 5A:18; Commonwealth, Dep't of Soc. Serv. v. Farmer, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (2000).

-