COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and
          Humphreys
Argued at Alexandria, Virginia


JOHN DAVID PELLEGRIN
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0209-01-4             JUDGE ROSEMARIE ANNUNZIATA
                                           JANUARY 29, 2002
DIANE LYNN BINGMAN PELLEGRIN (RAMEE)


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Leslie M. Alden, Judge

          John D. Pellegrin, pro se.

          David M. Levy (Surovell, Jackson, Colten &
          Dugan, P.C., on brief), for appellee.


     John D. Pellegrin (appellant) (Pellegrin) appeals the trial

court's dismissal of his petition to terminate or modify spousal

support on the grounds that the trial court improperly

considered certain evidence and improperly declined to impute

income to Diane L.B. Pellegrin Ramee (appellee) (Ramee).

Pellegrin also appeals the trial court's award of attorney's

fees to Ramee.  For the reasons that follow, we affirm and

remand for a determination of appellate attorney's fees.


_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

On appeal, we view the evidence and all reasonable inferences that flow from it in the light most favorable to Ramee, the party prevailing below. Calvin v. Calvin, 31 Va. App. 181, 183, 522 S.E.2d 376, 377 (1999). Pellegrin and Ramee were divorced on March 5, 1991, by a final decree affirming, ratifying, and incorporating the parties' Property Custody and Support Settlement Agreement (PSA). The PSA provided that Pellegrin's support obligation would be reduced as Ramee's income from employment increased.

On April 30, 1998, appellant filed a petition in the Circuit Court of Fairfax County to terminate spousal support and maintenance. He contended that Ramee, who had a Master's in Education and Counseling Development, was voluntarily foregoing gainful employment and, therefore, not entitled to support according to the PSA. He presented the testimony of Thomas W. Minnick, an expert in the field of mental health counseling employment. The trial court, however, found that the PSA did not require Ramee to seek employment, and Pellegrin appealed.

On appeal, we held that the PSA "established an implied contractual duty upon [Ramee] to make a reasonable effort to seek employment." Pellegrin v. Pellegrin, 31 Va. App. 753, 761, 525 S.E.2d 611, 615 (2000). Finding the trial court erred in concluding that no such duty arose from the terms of the

contract, we remanded the matter "for further proceedings based on the evidence presented."  Id.

On remand, over Pellegrin's objection, the trial court permitted Ramee to testify regarding her efforts to secure employment.  Ramee stated that she received employment counseling and followed a plan to secure employment, which included applications to more than two dozen employers.  She noted after she completed her Master's in Education and Counseling Development in December 1997, she had difficulty finding a job because she lacked clinical experience.  Therefore, in January 1998, she obtained an unpaid externship at the Prince William County Community Services Board where she obtained clinical experience hours and eventually secured a paying position in January 1999.

Minnick testified that Ramee was readily employable and could earn in excess of $50,000 per year.  He also noted that, at the time Ramee was looking for employment, he personally would not have hired her as a substance abuse counselor because she lacked clinical experience of at least one year.

From this evidence, the trial court determined Pellegrin failed to prove Ramee had not made reasonable efforts to gain employment, and it declined to impute income to her.

On May 15, 1998, the trial court heard Ramee's petition for a rule to show cause.  The trial court found Pellegrin in contempt for failure to make support payments, but suspended

- 3 -

this finding on the condition that Pellegrin resume spousal support payments.  Pellegrin failed to meet this condition.  On November 9, 1999, the trial court stayed the matter so that Pellegrin's then pending bankruptcy proceeding in U.S. Bankruptcy Court could be resolved.  After the bankruptcy proceeding was resolved, another hearing on the rule to show cause was held on December 7, 2000, in conjunction with the remand hearing.

At the December 7 hearing, the trial court found Pellegrin in contempt for failure to pay spousal support resulting in arrearages of $42,773.96, plus interest in the amount of $5,846.11.  The court advised Pellegrin that he could purge himself of contempt by presenting a plan for payment of the arrearages.  On December 22, 2000, Pellegrin proposed that he pay $300 per month.  The court rejected this plan as unreasonable because it would require 13.6 years to pay the debt, without including interest.  After a two-hour stay in detention, Pellegrin presented a second plan to pay Ramee $1,000 per month and give her four initialed Tiffany light shades, to be credited towards his outstanding arrearages.  The court accepted the plan, and Ramee agreed to it.

## II.

### Analysis

Pellegrin contends that the trial court erred by: (1) permitting Ramee to present additional evidence on remand; (2)

- 4 -

refusing to impute income to Ramee; (3) awarding Ramee attorney's fees for successfully enforcing the terms of the PSA; (4) finding him in contempt despite evidence of his inability to pay support; and (5) unconstitutionally incarcerating him.  We find each of these contentions to be without merit.

## A.  Admission of additional evidence

It is well settled that a decision "'to hear additional evidence is within the sound discretion of the trial court.'" Calvin, 31 Va. App. at 184, 522 S.E.2d at 378 (quoting Rowe v. Rowe, 24 Va. App. 123, 144, 480 S.E.2d 760, 770 (1997)); Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986).  The trial court's ruling at the first hearing was based on a legal interpretation of the PSA and not on the evidence heard.  We reversed the court's decision, holding that the PSA "established an implied contractual duty upon [Ramee] to make a reasonable effort to seek employment," and we remanded the matter "for further proceedings based on the evidence presented." Pellegrin, 31 Va. App. at 761, 525 S.E.2d at 615.  The trial judge found that this directive did not preclude the presentation of additional evidence, explaining, "I only heard half the case.  And . . . in light of the posture in which the case ended here, I just do not see how I can rule without taking further evidence today."  The record supports this finding. Ramee did not present evidence of her employment search at the first hearing because the court had granted her motion to

strike.  Additional evidence was therefore necessary to dispose of the issue before the court on remand.

### B.  Imputation of Income

The trial court found that Pellegrin had not met his burden of proving that Ramee was foregoing gainful employment and, therefore, declined to impute income to her.  Such a "refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence."  Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999).  Furthermore, "[t]he burden is on the party seeking imputation to prove that the other [party] was voluntarily foregoing more gainful employment, either by producing evidence of a higher-paying former job or by showing that more lucrative work was currently available."  Niemiec v. Dep't of Soc. Servs., 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998) (citations omitted).

In this case, Pellegrin did not present evidence of a higher-paying former job.  Instead, he sought to prove that Ramee's unemployment was voluntary because more lucrative work was available.  His expert, Minnick, testified that because the market for mental health counselors was strong, Ramee was readily employable and could earn in excess of $50,000 per year. This abstract statement is insufficient to demonstrate voluntary unemployment.

Moreover, the evidence in the case is contrary to Minnick's conclusion that Ramee was readily employable and supports the

trial court's ruling that Ramee was not voluntarily unemployed. The trial court found that, at the time Ramee sought employment, one year of clinical experience, which she did not have, was the minimum for hiring a mental health counselor with a master's degree. Ramee testified and presented records indicating that she actively sought employment as a substance abuse counselor but was unsuccessful because she lacked clinical experience. She noted that potential employers specifically told her that she needed more experience and that most job listings in the field required one year of experience. Indeed, Minnick, himself, stated that he personally would not have hired Ramee as a substance abuse counselor because she did not have a year of clinical experience.

Finally, we note that the trial court discounted Minnick's expertise on the issue, noting that "he is not a headhunter in this area. His specialty is not placing people in this area. He is not a rehabilitation expert . . . ." See Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) (noting that the trier of fact "has the discretion to accept or reject any of the witness' testimony"). In short, credible evidence in the record supports the trial court's resolution of this issue. See Barnes v. Wise Fashions, 16 Va. App. 108, 111, 428 S.E.2d 301, 303 (1993) (trial court may resolve any apparent conflicts in the testimony of an expert).

Because the record does not demonstrate that Ramee was, in fact, qualified for the jobs Pellegrin alleged were available, Pellegrin has failed to carry his burden of demonstrating that Ramee was voluntarily unemployed. Niemiec, 27 Va. App. at 453, 499 S.E.2d at 580 (holding that mother was not voluntarily unemployed where party seeking to impute income "did not establish that [employment] positions were available" to her or "that she failed to market herself adequately").

## C. Contempt

Pellegrin contends that the trial court erred in holding him in contempt. Specifically, he argues that the court's finding of voluntary underemployment is unsupported by the evidence and that the trial court improperly rejected his initial proposed payment plan. We disagree.

"A trial court may hold a support obligor in contempt for failure to pay where such failure is based on unwillingness, not inability, to pay." Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993). The moving party must demonstrate that the offending party failed to comply with an order of the court. Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citing Frazier v. Commonwealth, 3 Va. App. 84, 87, 348 S.E.2d 405, 407 (1986)). "The offending party then has the burden of proving justification for his or her failure to comply." Id. (citing Frazier, 3 Va. App. at 87, 348 S.E.2d at 407); see Laing v. Commonwealth, 202 Va. 511, 514, 137 S.E.2d

- 8 -

896, 899 (1964) ("[T]he inability of an alleged contemner, without fault on his part, to tender obedience to an order of court, is a good defense to a charge of contempt."); Barnhill, 15 Va. App. at 704, 427 S.E.2d at 215.

Where a court issues a judgment of contempt, "'its finding is presumed correct and will not be reversed unless plainly wrong or without evidence to support it.'" Glanz v. Mendelson, 34 Va. App. 141, 148, 538 S.E.2d 348, 351 (2000) (quoting Brown v. Commonwealth, 26 Va. App. 758, 762, 497 S.E.2d 147, 149 (1998)). When reviewing the sufficiency of the evidence supporting a finding of contempt, we view the evidence in the light most favorable to the party prevailing below. See id.

Pellegrin failed to carry his burden of demonstrating his inability to pay the court-ordered support. At the time of the hearing, Pellegrin was an attorney with nearly 30 years of experience and with his own private practice. Pellegrin's profit and loss statement showed repayment of $25,000 in loans and personal credit card debt by his law firm in 1999 and $45,000 in 2000. In addition, he and his wife were active members of Springfield Golf and Country Club. In light of this evidence of ability to pay, the trial court did not credit Pellegrin's claim that he earns only $10,000 per year from his law firm and that he has diligently sought other employment. See Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witnesses and the

- 9 -

weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.").  Accordingly, the court determined that his underemployment was voluntary and held him in contempt and rejected his plan to pay Ramee only $300 per month.  It later accepted his plan to pay $1,000 per month and turn over four Tiffany lamp shades to Ramee, as payment towards his arrearages. We find that the record supports the trial court's finding of voluntary underemployment and its order.

### D.  Attorney's Fees

Pellegrin also contends that we should:  (1) vacate the trial court's award of $5,000 in attorney's fees from the first hearing; and (2) reverse the trial court's award of fees in connection with the remand hearing.  As we have noted in earlier appeals by Pellegrin, the first issue is barred by res judicata because we have previously ruled to the contrary.  See Pellegrin, 31 Va. App. at 768, 525 S.E.2d at 618.

The second claim is governed by the terms of the PSA, which provides:

> The parties agree that any expenses, including but not limited to, counsel fees, court costs, and travel, incurred by a party in the successful enforcement of any of the provisions of this Agreement . . . shall be borne by the defaulting party.  Any such costs incurred by a party in the successful defense to . . . any such provisions shall be borne by the party seeking [enforcement].

- 10 -

At the remand hearing, the trial court awarded Ramee $2,500 in attorney's fees. Because wife successfully defended against Pellegrin's attempt to enforce the provisions of the PSA requiring imputation of income, see id. at 759-61, 525 S.E.2d at 613-15, we affirm this award. Cf. id. at 768, 525 S.E.2d at 618. (affirming award of attorney's fees because wife's "actions for which attorney's fees were awarded involved the successful enforcement of the PSA," in accordance with the PSA's provision governing such awards). Also pursuant to the PSA and, as requested by Ramee on appeal, we remand to the trial court to assess and award appropriate appellate attorney's fees to Ramee incurred by her in the appellate case presently before us. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 694, 479 S.E.2d 98, 100 (1996) (finding that trial court may award attorney's fees incurred on appeal with a specific remand and particularized instructions to do so).[1]

---

[1] Although Ramee requested appellate attorney's fees in conjunction with the prior appeal, we did not award her appellate fees and did not direct the trial court to do so. See generally Pellegrin, 31 Va. App. 753, 525 S.E.2d 611. She now requests that we direct the trial court to consider an award of attorney's fees incurred in conjunction with that appeal on the ground that the present appeal is "a continuation of the earlier matter." However, she cites no authority in support of this proposition, and we have found none. Therefore, because "the judgment in the former action [was] rendered on the merits by a court of competent jurisdiction," res judicata bars our reconsideration. Simmons v. Commonwealth, 252 Va. 118, 120, 475 S.E.2d 806, 807 (1996); see also Highsmith v. Commonwealth, 25 Va. App. 434, 440, 489 S.E.2d 239, 241 (1997) (noting that a court's constructive determination of an issue sufficiently

For the foregoing reasons, the judgment of the trial court is affirmed, and the matter is remanded solely for consideration of an award of attorney's fees consistent with this opinion.

Affirmed and remanded.

---

constitutes determination "on the merits" in the context of res judicata (citation omitted)).