COURT OF APPEALS OF VIRGINIA

Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


PATRICK JOSEPH MOONEY

v.        Record No. 1961-06-4

LAURIE JEAN MOONEY

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 6, 2007


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James H. Chamblin, Judge

(Peter M. Fitzner; Matthews, Snider, Norton & Fitzner, on briefs),
for appellant.

(James Ray Cottrell;, John K. Cottrell; Gannon & Cottrell, P.C., on
brief), for appellee.


        Patrick Joseph Mooney (husband) appeals from the circuit court's July 7, 2006 order

amending his child and spousal support obligations and finding him in contempt for failure to pay

previously ordered support to Laurie Jean Mooney (wife).  On appeal, husband contends the trial

court abused its discretion in (1) declining to reduce his child and spousal support obligations to the

extent he sought, (2) finding him in contempt as a result of his failure to pay previously ordered

spousal and child support, and (3) awarding wife attorney's fees.  Both parties seek attorney's fees

and costs incurred in conjunction with this appeal.  Upon reviewing the record and briefs, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

So viewed, the evidence proved the parties married on September 16, 1995. Three children were born during the marriage. The parties separated on November 9, 2003. By final decree entered July 15, 2005, the trial court awarded wife a divorce *a vinculo matrimonii* on the ground of husband's desertion.

The court determined husband earned $21,000 monthly. The court awarded wife spousal support of $4,500 per month for eight years and child support of $3,066 per month, which was later raised to $3,404 per month.

On November 15, 2005, husband filed a motion to modify his spousal and child support obligations. He alleged a severe downturn in his economic circumstances, including a dramatic decrease in his personal income.

Beginning in December 2005, husband began paying only a portion of his court-ordered support amounts. By April 2006, husband was paying wife no support at all.

Between the time of the entry of the final decree and the time of his motion to modify support, husband remarried, bought a new home in Florida, purchased a time-share unit in Aruba, and terminated three of four limited liability companies he held. Husband fathered two children since separating from wife. At the motion hearing, husband presented evidence regarding his finances and alleged reduction in income, through his own testimony and that of his expert witness.

The court found husband's testimony incredible and disbelieved husband's evidence regarding the alleged change in his financial condition and associated justification for failing to pay his court-ordered support obligations.

The court reduced husband's support obligations, based on wife's increased income and husband's new children. The court ordered husband to pay $3,278 per month in child support and $3,875 per month in spousal support. The court further held husband in contempt for failing to pay the previously ordered support and awarded wife $15,000 in attorney's fees.

ANALYSIS

I.

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "The determination whether a spouse is entitled to [a modification of spousal] support, and if so how much, is a matter within the discretion of the [trial judge] and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). See also Taylor v. Taylor, 14 Va. App. 642, 649, 418 S.E.2d 900, 904 (1992). Likewise, "'[d]ecisions concerning child support rest within the sound discretion of the trial court and will not be disturbed on appeal unless plainly wrong or unsupported by the evidence.'" Rinaldi v. Dumsick, 32 Va. App. 330, 334, 528 S.E.2d 134, 136 (2000) (quoting Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 211 (1993)).

The trial court was not persuaded by husband's evidence regarding his reduced income. Although husband testified in depth about his financial circumstances and presented expert testimony through accountant Anthony M. Aiken, the court found husband failed to demonstrate a reduction in his income to the extent he claimed. The court found husband "less than

- 3 -

credible," noted Aiken's opinion was "based solely upon information supplied to him by" husband, and that husband "failed to make a full and complete disclosure of all things relating to his business and his ability to pay."

Consistent with the principle that an appellate court does not substitute its judgment for that of the trial court, we are bound by the credibility and weight determinations made by the trier of fact and its decision to accept or reject a witness' testimony. Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986); see also Richardson v. Richardson, 242 Va. 242, 246, 409 S.E.2d 148, 152 (1991). We find no error in the trial court's credibility determination. The court was not persuaded by husband's evidence and provided a reasoned explanation for its ruling. The evidence supports the court's support modification.

II.

Husband asserts that "the trial court's contempt finding in this case is not supported by the evidence, which established that [his] failure to pay was not willful, but was based upon his financial inability to pay."

> A trial court "has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order." Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982). In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court. Frazier v. Commonwealth, 3 Va. App. 84, 87, 348 S.E.2d 405, 407 (1986). The offending party then has the burden of proving justification for his or her failure to comply. Id.

Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991).

As noted above, the trial court disbelieved husband's evidence regarding his income and financial circumstances. Because we find the court permissibly determined husband had not demonstrated an inability to pay, we also find the court's conclusion that husband willfully failed to pay his support obligations is supported by the evidence.

It is well established that "use of contempt powers is clearly subject to the discretion of the trial court." Sapp v. Commonwealth, 263 Va. 415, 425, 559 S.E.2d 645, 650 (2002). Even where a court has found that a party to litigation has violated an order of the court and could be held in contempt, the trial court retains its discretion whether to enter the finding of contempt and impose sanctions. Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991). We find no abuse of discretion in the court finding husband in contempt for failure to pay his previously ordered spousal and child support.

III.

Husband asserts the trial court abused its discretion in awarding attorney's fees to wife in the amount of $15,000. In support of this contention, husband argues only that "[t]he attorney fee award in this case is tainted by the rulings of the trial court on the motion in chief."

We review an award of attorney's fees for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Based on the circumstances and equities of this case, we cannot say the trial court abused its discretion in making this award.

IV.

Both parties seek costs and attorney's fees associated with this appeal.

Upon a review of this appeal, we find that husband's appeal presents questions that are not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we award attorney's fees and costs to wife and remand this case to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any costs incurred at the hearing on remand.

Affirmed and remanded.