COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


JEAN-PIERRE GARNIER

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2876-06-4                          PER CURIAM
                                                       JUNE 19, 2007
CATHERINE C. GARNIER


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Leslie M. Alden, Judge

              (David L. Duff; Peter J. Schwartz; The Duff Law Firm, on brief), for
              appellant.

              (Gregory L. Murphy; Joseph B. Mullaney; Vorys, Sater, Seymour &
              Pease LLP, on brief), for appellee.


        Jean-Pierre Garnier (husband) appeals from the circuit court's October 20, 2006 order.  The

order finalized the court's earlier finding that he failed to pay certain sums to Catherine C. Garnier

(wife) as required by a May 15, 1998 final decree of divorce.  On appeal, husband contends the trial

court erred in entering the judgment against him because wife did not present any evidence

supporting her assertions.  Wife seeks attorney's fees and costs incurred in conjunction with this

appeal.  Upon reviewing the record and briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

        The parties were divorced by final decree dated May 15, 1998.  On June 9, 2006, wife filed

a petition for a rule to show cause, requesting that husband be found in contempt for multiple

violations of the divorce decree.  Wife alleged husband was required to transfer a life insurance

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

policy to her and pay off any existing debt encumbering the policy. Following a September 8, 2006

show cause hearing, the trial court ordered husband to pay off the debt on the life insurance policy.

ANALYSIS

I.

Husband argues wife "did not present any evidence whatsoever" at the show cause hearing

and, "[b]ecause the trial court did not receive any evidence, by definition the trial court's decision

was without any evidence to support it" and should therefore be set aside.

However, wife provided the court with an affidavit asserting "the averments set forth in the

Petition are true." Nothing in the record indicates husband objected to the trial court considering the

allegations contained in the affidavit. The petition included the assertion that the life insurance

policy transferred to wife from husband was encumbered by his personal debt in violation of the

terms of the divorce decree.

In making its ruling, the court relied on wife's sworn affidavit and the allegations in her

petition.

> In a show cause hearing, the moving party need only prove that the
> offending party failed to comply with an order of the trial court.
> Frazier v. Commonwealth, 3 Va. App. 84, 87, 348 S.E.2d 405, 407
> (1986). The offending party then has the burden of proving
> justification for his or her failure to comply. Id.

Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991).

Husband was provided the opportunity to rebut wife's assertions, but chose not to do so.

We find no error in the trial court's ruling.

II.

Wife requests this Court to award attorney's fees and costs incurred on appeal.

Upon a review of this appeal, we find that the husband's case presented questions that

were not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d

666, 677 (1994).  Therefore, we award attorney's fees to wife and remand this case to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any costs and fees incurred at the hearing on remand.

Accordingly, the judgment of the trial court is summarily affirmed.

<u>Affirmed and remanded.</u>