COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Chafin and Senior Judge Haley

TAMENA G. WILSON

                                                      MEMORANDUM OPINION[*]
v.      Record No. 0520-15-1                              PER CURIAM
                                                       SEPTEMBER 15, 2015
FITZGERALD C. BRITTON


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          John R. Doyle, III, Judge

            (Curtis T. Brown, on brief), for appellant.

            (Jennifer E. Peterson; Peterson Law, PLC, on brief), for appellee.


        Tamena G. Wilson appeals an order finding her in contempt for failure to pay child support.

Wilson argues that the trial court erred by "retroactively" terminating Fitzgerald C. Britton's

obligation to pay child support to Wilson, not awarding arrearages to Wilson, and holding her in

civil contempt because Britton "has failed to comply with his continuing obligation to pay child

support to [Wilson] under the December 6, 2006 order to pay and no motion or order has ever been

filed or entered terminating [Britton's] obligation to pay child support to [Wilson]."[1] Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's opening brief included another assignment of error, which stated, "The Trial Court erred by failing to set aside its judgment of March 5, 2015 for lack of jurisdiction because the child support matters and the custody matters are intrinsically bound and the Trial Court had previously transferred jurisdiction of the custody issue to the State of Maryland by an order entered on June 12, 2014." Wilson abandoned this issue on appeal, and stated, "After further research on the issue, the Appellant concedes that Norfolk Circuit Court had jurisdiction to hear Appellee's civil show cause for non-payment of child support against the Appellant." Therefore, the Court will not consider this assignment of error.

BACKGROUND

Britton and Wilson have one child, who was born in July 2006. Initially, Wilson had primary physical custody of the child. On December 6, 2006, Britton was ordered to pay $500 per month to Wilson for child support. The child support payments were made through the Division of Child Support Enforcement (DCSE).

In May 2010, the Norfolk Juvenile and Domestic Relations District Court (the JDR court) awarded primary physical custody of the child to Britton. Britton submitted a copy of the order to DCSE, and in June 2010, Britton received a letter from DCSE that stated it had closed its file. According to DCSE, Britton did not owe any arrears at the time the file was closed.

In November 2011, the JDR court ordered Wilson to pay $300 per month to Britton for child support. The order was finalized on January 10, 2012, and stated that Wilson's support obligation began on November 1, 2011.

On February 13, 2014, a show cause summons was issued for Wilson's failure to pay child support as ordered by the January 10, 2012 order. On June 9, 2014, the JDR court found Wilson guilty of contempt and established the arrears at $3,035. Wilson appealed to the circuit court.

On March 5, 2015, the parties appeared before the circuit court. After hearing evidence and argument, the circuit court found Wilson guilty of civil contempt and established the arrears at $5,351.05. This appeal followed.

ANALYSIS

*Contempt*

Wilson contests the civil contempt finding and argues that Britton owes her child support pursuant to the December 6, 2006 order. She contends "it would be unfair to punish [her] for

non-payment of child support when [Britton] also owes arrearages for non-payment of child support."

"[W]e review the exercise of a court's contempt power under an abuse of discretion standard." Petrosinelli v. People for the Ethical Treatment of Animals, 273 Va. 700, 706, 643 S.E.2d 151, 154 (2007) (citation omitted).

> A trial court "has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order." Carswell v. Matterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982). In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court. Frazier v. Commonwealth, 3 Va. App. 84, 87, 348 S.E.2d 405, 407 (1986). The offending party then has the burden of proving justification for his or her failure to comply. Id.

Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991).

Here, Britton submitted evidence of Wilson's support payments. She paid support for November and December 2011. Her annual child support payment obligation was $3,600. She paid $3,555 in 2012 and $2,010 in 2013. She paid $858.75 in 2014, of which $758.75 was a purge amount after she had been found in contempt. This evidence proved that Wilson failed to comply with the support order.

The burden then shifted to Wilson to explain why she did not comply with the support order. She argued that Britton still owed her child support pursuant to the December 6, 2006 order because the court never entered an order terminating his child support obligation. The trial court rejected this argument and noted that the court had transferred custody from Wilson to Britton in 2010 and subsequently awarded him child support.

Throughout the hearing and at the conclusion, the trial court reminded the parties that the only matter on the court's docket that day was the show cause summons against Wilson. During closing argument, Wilson's attorney acknowledged that Wilson's failure to pay support to Britton was perhaps the "wrong course." Wilson's counsel further stated, "Maybe she should

have continued to pay her 300 and not worried about the 500 that he owes and bring . . . a motion to enforce his [support obligation], and done it that way. Maybe that might have been the best way."

Assuming without deciding that Britton's support obligation under the December 6, 2006 order has not been terminated, Wilson's child support obligation nonetheless still exists. The court ordered Wilson to pay $300 per month in child support after custody of the child was transferred to Britton. Wilson stopped regularly paying her child support obligation in 2013. The evidence supports the trial court's finding that Wilson willfully disobeyed a court order. Her reasoning that she did not pay support because of Britton's alleged support arrears did not justify the cessation of her payments. As noted by her counsel, Wilson had other options available to her to collect any funds she thought Britton owed her. Therefore, the trial court did not err in finding her in civil contempt.

*Attorney's fees and costs*

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.