COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


THOMAS STOKES GRYMES, JR.
                                  MEMORANDUM OPINION*
v.    Record No. 1185-99-2              PER CURIAM
                                     OCTOBER 26, 1999
ROBIN L. GRYMES


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

          (Murray J. Janus; Deanna D. Cook; Bremner,
          Janus & Cook, on brief), for appellant.

          (James B. Thorsen; Thorsen, Marchant & Scher,
          L.L.P., on brief), for appellee.


     Thomas Stokes Grymes, Jr. and Robin L. Grymes were divorced

in 1996.  The father appeals the decision of the Henrico County

circuit court dated May 18, 1999 related to custody, support and

attorney's fees.  He contends that the trial court erred by:  (1)

failing to change physical custody of the parties' children

despite evidence that the mother violated the current visitation

order and engaged in behavior designed to keep the children from

having a positive relationship with the father; (2) failing to

appropriately consider Code §§ 20-124.3 and 20-108 when reviewing

his motion to change custody; (3) "affirming" the juvenile and

domestic relations district court's decision concerning spousal

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

support rather than reviewing the matter de novo; (4) failing to hold the mother in contempt of court; (5) failing to impute income to the mother for purposes of calculating spousal and child support; and (6) awarding the mother attorney's fees. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Evidence was heard by the trial court in two ore tenus hearings. The parties agreed to use district court transcripts for certain witnesses' testimony.

> Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.

Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

### Motion to Change Physical Custody

The father contends that the trial court erred by failing to change the physical custody of the parties' two boys to him. He also contends that the mother repeatedly violated the current visitation order. The trial court found that the father failed to prove a change in circumstances justifying a change in custody. We affirm.

-

As the party seeking a modification of the existing custody order, father bore the burden to prove "'(1) whether there has been a [material] change in circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child.'" Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 696 (1994) (quoting Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986)). See Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983). "In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling considerations.'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

The father produced evidence of several confrontations between the parties as evidence weighing against the mother's continued custody of the boys. The father contended below and on appeal that, under Code § 20-124.3(6), the trial court was required to consider whether the mother failed to "actively support the [children's] contact and relationship with the other parent" and failed to "cooperate in matters affecting the [children]." The father also relied on Code § 20-108 which

-

provides, in part, "[t]he intentional withholding of visitation of a child from the other parent without just cause may constitute a material change of circumstances justifying a change of custody in the discretion of the court."

The trial court found that the father failed to prove that there was a change in circumstances justifying a modification in custody. While the trial court found that there had been "some unfortunate confrontations" between the father, his wife, and the mother, "[t]ragically some . . . in front of the children or directly impact on the children," it found that the incidents "[did] not rise to the level of supporting a change of custody." The trial court did not attribute responsibility for the confrontations to either. The mother was, however, directed not to interfere with the father's access to the boys' school activities.

The father conceded below that there was no evidence that mother was "a bad mother per se." Our review of the record supports the trial court's conclusion that nothing warranted a change in the current custody arrangement. Because the trial court's decision, based upon the testimony heard ore tenus, was supported by the evidence and was not an abuse of discretion, we affirm.

## Appeal De Novo

The father contends that the trial court erred by "affirming" the decision of the juvenile court increasing the

-

monthly spousal support award by $750, rather than hearing the evidence de novo. See Code § 16.1-296(F). While the trial court noted in an opinion letter that he was "affirming" the award of the juvenile court, it is clear that the court made a specific determination based upon the evidence produced at the hearing and the increase in the father's earnings since the last support determination. The father points to nothing other than the wording of the letter to indicate that the trial judge applied an erroneous, deferential standard of review. We find no reversible error.

### Contempt of Court

The father contends that the trial court erred by failing to find mother in contempt of court for repeatedly violating the visitation order. "A trial court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'" Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted). Whether a party is in contempt is a matter left to the discretion of the trial court, whose decision "we may reverse . . . only if we find that it abused its discretion." Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993).

The evidence demonstrated unquestionably that the parties have had difficulties communicating in the past. However, the trial court did not hold the mother solely responsible for those

-

difficulties.  The trial court's factual determinations are supported by credible evidence.  Therefore, we cannot say that the trial court abused its discretion.

### Imputation of Income

The father also contends that the trial court erred by failing to impute income to the mother for purposes of calculating spousal and child support.  We find no error.

When calculating child support, income may be imputed to a parent "who is voluntarily unemployed or voluntarily under-employed" if the trial court determines that it is appropriate under the circumstances of the case.  See Code § 20-108.1.  The parties' older son is autistic.  He was described as "high functioning," but required special education classes at school.  Witnesses testified that his behavior and independence had improved as he matured, but there was evidence that, in the past, the mother was called to school at unpredictable times when problems arose.  While the father presented evidence that mother could earn $20,000 to $25,000 a year, his vocational expert admitted that he did not consider that the mother might require greater flexibility in her work environment due to the current needs of the parties' son.  The expert also admitted that he relied on the father's representation that childcare would be available for the children after school, although there was no evidence that such care was actually in place.  Furthermore, the evidence also

-

showed that, by agreement of the parties, the mother did not work to any significant extent during the parties' marriage following their children's birth.

The trial court found that "it is important for [the older son] that [mother] be available to him for the foreseeable future." Based upon the evidence concerning the current circumstances and the needs of the parties' children, we find no error in the trial court's refusal to impute income to the mother for purposes of child support calculations.

Similarly, "[a] court may under appropriate circumstances impute income to a party seeking spousal support." Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). Code § 20-107.1(E)(9) requires the trial court to consider the "earning capacity, including the skills, education and training of the parties and the present employment opportunities for persons possessing such earning capacity" when determining spousal support. As noted above, the trial court found that it was important under the current circumstances for the mother to be available for the parties' autistic son. Therefore, we find no error in the trial court's decision that the evidence did not warrant an imputation of income to the mother for purposes of spousal support.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal

-

only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  It is undisputed that the father's income greatly exceeds that of the mother.  Based on the issues involved and the respective abilities of the parties to pay, we cannot say that the award of $2,000 in attorney's fees to the mother was unreasonable or that the trial court abused its discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-