COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


GREGORY JUDE DeVEAU
                                    MEMORANDUM OPINION[*]
v.    Record No. 0915-01-4              PER CURIAM
                                     OCTOBER 2, 2001
MUTSUMI AZEMOTO


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Jane Marum Roush, Judge

          (Ted Kavrukov; Kavrukov & DiJoseph, LLP, on
          brief), for appellant.

          (Timothy J. McGary, on brief), for appellee.


     Gregory Jude DeVeau, father, appeals a decision of the trial

judge.  On appeal, he argues the trial judge erred by:  (1)

denying his motion to transfer jurisdiction of child custody and

visitation issues to Maryland; (2) denying a rule to show cause

finding Mutsumi Azemoto, mother, in contempt; and (3) removing the

requirement of the children's supervised visitation with mother.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

                            BACKGROUND

     Father and mother were divorced by final decree entered in

the trial court on August 10, 1995.  On May 1, 1995, the trial

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

judge entered an order awarding custody of the parties' two children to father and reserving supervised visitation with mother.  Mother had attempted to abduct one of the children to Japan.

On August 11, 2000, father filed a motion to transfer custody and visitation issues to Annapolis, Maryland, where he had been residing with the children.  Mother opposed the motion, and she filed a motion to modify visitation, requesting, among other things, that the trial judge terminate the requirement that her visitation with the children be supervised.  Father also filed a petition for a rule to show cause, contending that mother had failed to pay court-ordered attorney's fees and that she had failed to timely pay court-ordered child support.

The trial judge conducted a hearing on January 25, 2001 concerning all of the motions.  On March 9, 2001, the trial judge entered an order ruling on the issues.  The trial judge lifted the restriction of the children's supervised visitation with mother. The trial judge also refused to find mother in contempt and denied father's motion to transfer the case to Maryland.  Father appeals these rulings.

### MOTION TO TRANSFER JURISDICTION

Under the former Uniform Child Custody Jurisdiction Act (UCCJA),[1] "[a] court which has jurisdiction [to modify a decree]

_____

[1] On July 1, 2001, the legislature repealed the UCCJA and enacted the Uniform Child Custody Jurisdiction and Enforcement

-

may decline to exercise its jurisdiction . . . if it finds that it is an inconvenient forum . . . and that a court of another state is a more appropriate forum."  Code § 20-130(A).  We will reverse a trial court's decision whether to exercise its jurisdiction only upon a finding of abuse of discretion.  See Johnson v. Johnson, 26 Va. App. 135, 147, 493 S.E.2d 668, 673 (1997).

Father has not demonstrated abuse of discretion on the part of the trial judge in exercising jurisdiction over this matter. Although father and the children have lived in Maryland since June 1998, Virginia was the home state of the children at the start of the proceedings.  In addition, mother continues to be domiciled in Virginia.  The Virginia courts have ruled on visitation matters involving these parties since 1995.  Indeed, in her ruling, the trial judge commented that the file in this case is the biggest file of any case in the Fairfax County Circuit Court.

Furthermore, the trial judge indicated that she lacked authority to transfer the case to Maryland because there was no pending matter concerning these parties in a Maryland court.  In addition, father's motion requested only that the case be transferred to "Annapolis, Maryland" without further identification of the appropriate court.  "[B]efore the trial court should defer jurisdiction to another forum, it should know

---

Act.  Code §§ 20-146.1 through 20-146.38.  This case involves the former UCCJA as it was in effect at the time of the proceeding.

the identity of that forum." Mubarak v. Mubarak, 14 Va. App. 616, 622, 420 S.E.2d 225, 228 (1992). The trial judge further stated that if "something" was filed in Maryland, then she would confer with a Maryland judge about which state would be the most appropriate forum. See Code § 20-130(D).

Moreover, information regarding the issues involved in this matter, whether mother was in contempt of court and whether mother should be allowed unsupervised visitation with the children, was more readily available in Virginia, mother's residence. While the children's residence in Maryland may merit a future determination that Virginia is an inconvenient forum, we cannot say the trial judge abused her discretion in this instance by refusing to make that determination prior to ruling on father's rule to show cause for violations of existing court orders and on mother's motion for unsupervised visitation. Therefore, the Virginia trial court had jurisdiction under former Code § 20-126(A)(1)(i).

### RULE TO SHOW CAUSE

By court order entered on June 28, 1995, mother was ordered to pay father $47,837 for his attorney's fees. Mother did not pay the attorney's fees. Father filed a petition for a rule to show cause. On September 18, 2000, another trial judge of the Fairfax County Circuit Court issued the rule to show cause. However, prior to the hearing on the rule, the trial judge in this matter ruled that because there had been a standing order in the case that no motions in this case were to be docketed without her prior

-

approval, the previous rule was set aside.  The trial judge then heard evidence concerning father's rule to show cause at the January 25, 2001 hearing.

Father contends the trial judge erred in not proceeding on the rule to show cause issued by the other trial judge.  However, a trial court has "inherent authority to administer cases on its docket."  Yarbrough v. Commonwealth, 258 Va. 347, 356, 519 S.E.2d 602, 605 (1999), aff'd, ___ Va. ___, ___ S.E.2d ___ (2001).  Because father's rule was heard by the trial judge who was familiar with the case, we cannot say the trial judge erred in hearing the evidence on the rule to show cause.

Evidence was presented that father discharged his attorney's fees in bankruptcy proceedings.  Moreover, mother presented evidence that she had financial difficulties.  The trial judge ruled that mother's failure to pay father's attorney's fees was not contemptuous.

"On appellate review of this issue, we may reverse the ruling of the trial court only if we find that it abused its discretion. A trial court may hold a[n] . . . obligor in contempt for failure to pay where such failure is based on unwillingness, not inability, to pay."  Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993).  We cannot conclude, based on the evidence in this record, that the trial judge abused her discretion.

-

<u>UNSUPERVISED VISITATION</u>

>A party seeking to modify an existing
>custody order bears the burden of proving
>that a change in circumstances has occurred
>since the last custody determination and
>that the circumstances warrant a change of
>custody to promote the children's best
>interests.  In deciding whether to modify a
>custody order, the trial court's paramount
>concern must be the children's best
>interests.  However, the trial court has
>broad discretion in determining what
>promotes the children's best interests.

<u>Brown v. Brown</u>, 30 Va. App. 532, 537-38, 518 S.E.2d 336, 338 (1999) (citations omitted).

The requirement of supervised visitation with mother was imposed in June 1995.  Thus, the requirement had been in effect for almost six years.  The trial judge found that since 1995, the mother and the children had formed stronger ties to the community.  After mother attempted to abduct one of the children, the trial court required mother to surrender her passport to the court.  Since that time, mother had twice retrieved her passport from the court and traveled to Japan without incident.  Upon her return from Japan, mother then returned her passport to the trial court.  Mother is employed in the area and has improved her ability to speak English.

Father presented testimony from Dr. Victor Elian that mother still presented a flight risk.  However, Dr. Elian admitted that he had had no contact with mother since January 1996, and he met with mother once in 1995.  The trial judge specifically found that

-

these factors called into question the weight she gave his opinion testimony. "In determining the weight to be given the testimony of an expert witness, the fact finder may consider the basis for the expert's opinion." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668-69 (1997) (en banc). The trial judge found that mother presented no future risk for abducting the children.

The trial judge also indicated she accepted the testimony of Dr. Verna M. Fields, a clinical and forensic psychologist, who had had contact with mother about every ten days from 1995 until the date of the hearing. Dr. Fields opined that mother presented no flight risk because mother had established "roots" in Virginia and had established herself in a professional career. Dr. Fields also opined that it is detrimental to the children to have continued supervised visitation with mother because it "sets up a very false situation" and is a "barrier" to spontaneity between mother and the children.

The trial judge further found that father had exhibited "inappropriate" behavior in front of the children as a result of the difficulties of the supervision requirement. In addition, mother testified that the few unsupervised visits she had had with the children were "more comfortable" and "free," resulting in more conversation between her and the children.

The trial judge ruled that the supervision requirement had "been the source of ongoing difficulties between the parties" and had proved to be "very cumbersome, very expensive," and, after six

years, "detrimental to the children."  The trial judge ordered that the visitation schedule would remain unchanged, but the requirement for supervision would be lifted for a period of six months.  After that time, the parties would return for a "status review" to determine if changes are necessary.  Based on this record, we cannot say that the trial judge abused her discretion in this ruling.

Accordingly, the decision of the trial judge is summarily affirmed.

Affirmed.

-