COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Clements and Agee
Argued at Richmond, Virginia


GEORGE HARRISON SEYMOUR
                                    MEMORANDUM OPINION* BY
v.    Record No. 0554-01-2           JUDGE LARRY G. ELDER
                                          MARCH 5, 2002
SHARON LEE SEYMOUR


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

          Scott Gregory Crowley (Crowley & Crowley, on
          brief), for appellant.

          Robert L. Flax (Flax & Stout, on brief), for
          appellee.


     George Harrison Seymour (husband) appeals from a ruling of

the Circuit Court of Henrico County holding him in contempt for

failing to pay to his former spouse, Sharon Lee Seymour (wife),

certain sums due pursuant to the parties' divorce decree.  On

appeal, husband contends the court erroneously exercised

jurisdiction because wife's filing for bankruptcy deprived her

of standing to initiate the show cause action and vested all

claims of her estate in the bankruptcy trustee, who had already

accepted partial payment for the debt from husband in the form

of a piano and declared the remainder to be uncollectable.  He

also contends the trial court abused its discretion in finding

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

him in contempt when the evidence showed he had cooperated with the bankruptcy trustee and was financially unable to pay the remainder of his obligation.

We hold the evidence supports the trial court's finding that wife had standing to initiate the show cause both (1) because the bankruptcy trustee had abandoned any right of collection under the property settlement agreement and (2) because the debt wife sought to have repaid was unrelated to the piano husband claimed to have relinquished to the trustee. We also hold the trial court did not abuse its discretion in finding husband in contempt because the evidence, viewed in the light most favorable to wife, established that husband failed to satisfy his obligations under the property settlement agreement and did not establish his inability to pay. Therefore, we affirm.

A.

TRIAL COURT'S JURISDICTION

Husband contends the trial court lacked jurisdiction to entertain wife's request for issuance of a show cause summons because her bankruptcy filing deprived her of standing and vested all claims of her estate in the bankruptcy trustee. We disagree.

Assuming without deciding the record and wife's statements on brief are sufficient to establish that wife in fact filed for bankruptcy, one of the exhibits offered into evidence at trial

-

establishes that wife regained standing to pursue these claims when the bankruptcy trustee abandoned any interest in the parties' property settlement agreement and related judgment. 11 U.S.C. § 554 provides that the bankruptcy trustee "may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." "Property abandoned under this section ceases to be a part of the estate. It reverts to the debtor and stands as if no bankruptcy petition was filed. Following abandonment, 'whoever had the possessory right to the property at the filing of bankruptcy again reacquires that right.'" Dewsnup v. Timm, 908 F.2d 588, 590 (10th Cir. 1990) (citation omitted) (quoting In re Dewsnup, 87 B.R. 676, 681 (Bankr. D. Utah 1988)), aff'd, 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992). Thus, wife reacquired her right to enforce the parties' property settlement agreement as incorporated into the final decree of divorce entered December 10, 1997.

Contrary to husband's contention, wife was not bound by the trustee's conclusion that the debts owed wife under the property settlement agreement were uncollectable. As the court acknowledged in Dewsnup, property abandoned by the trustee "reverts to the debtor and stands as if no bankruptcy petition was filed." 908 F.2d at 590 (emphasis added); see Worth v. Tamarack American, 47 F. Supp. 2d 1087, 1099 n.9 (S.D. Ind. 1999) ("[E]ven though a lawsuit may be an asset of the

-

bankruptcy estate, a bankruptcy trustee may abandon the litigation, leaving the debtor/plaintiff to continue the fight outside the purview of the bankruptcy action."), aff'd mem., 210 F.3d 377 (7th Cir. 2000); In re West Pointe Props., L.P., 249 B.R. 273, 286 n.13 (Bankr. E.D. Tenn. 2000) (when the trustee "abandon[s] the cause of action, . . . the cause of action revests in the debtor[, and] . . . [t]he abandonment enables the debtor . . . to pursue the cause of action"). Thus, wife retained her right to attempt to enforce the agreement as incorporated into the final decree.

Finally, even assuming the evidence is sufficient to establish that husband had possession of the piano and relinquished it to the bankruptcy trustee in satisfaction of a portion of his debt under the property settlement agreement,[1] the agreement makes clear that husband owed wife an additional $9,000. In addition to husband's agreement to pay the purchase price of the piano which resulted in a $9,000 balance on wife's "First" credit card, husband owed wife another $9,000 as payment

---

[1] Although husband apparently did not provide any documentary evidence to support this argument in the trial court, he attempted to include such evidence in the appendix filed in this Court. Wife objected to this inclusion, arguing that the orders were neither proffered to nor admitted into evidence by the trial court. By order entered June 11, 2001, this Court sustained wife's objection and prohibited the inclusion of the orders in the appendix. Despite this ruling, husband attached these same documents to his brief. For the reasons set out in our order of June 11, 2001, we do not consider these documents.

for wife's certificates of deposit husband "cashed in" without her permission.  Husband represented in his statement of facts that the $9,000 wife sought to recover was in exchange for her interest in his business.  An examination of the settlement agreement makes clear that this sum was entirely unrelated to husband's debt for the piano.  Thus, the trustee abandoned his right to collect the $9,000 husband owed wife for her share of his business, and wife regained standing to seek payment of that debt.

## B.

### CONTEMPT FINDING

On appellate review of a finding of contempt,

> we may reverse the ruling of the trial court only if we find that it abused its discretion.  A trial court may hold a[n] obligor in contempt for failure to pay where such failure is based on unwillingness, not inability, to pay.  Once nonpayment is established, the burden is on the obligor to provide justification for the failure to comply.

Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993) (citations omitted).  In reviewing a trial court's contempt determination, we view the evidence in the light most favorable to the prevailing party.  Glanz v. Mendelson, 34 Va. App. 141, 148, 538 S.E.2d 348, 351-52 (2000).

Here, wife established that husband failed to comply with the terms of the August 1997 property settlement agreement incorporated into the December 1997 final decree, and the

-

evidence, viewed in the light most favorable to wife, failed to prove that husband's noncompliance for a period of approximately three years was justified. Husband, as the appellant, had a duty to furnish a sufficient record to permit us to resolve the issues on appeal. See, e.g., Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). Despite this duty, the record fails to establish that husband had insufficient income or assets to make the payments required under the decree.

The statement of facts husband proffered for the trial court's approval indicated in paragraph 8(c) that wife's bankruptcy "trustee had advised him not to make any payments to [wife], but only to the trustee; further that the trustee had determined any debts he owed to [wife] [were] uncollectable because [husband's] only source of income was Social Security Disability payments." However, the trial court stated in its "Additions or Corrections to the Statement of Facts" that it "[did] not recall the hearsay testimony set out in 8(c)." The quoted evidence regarding husband's income as contained in paragraph 8(c) was hearsay because it involved out-of-court statements husband made to the trustee about his income and out-of-court statements the trustee made to husband about the information husband had given him. See, e.g., Arnold v. Commonwealth, 4 Va. App. 275, 279-80, 356 S.E.2d 847, 850 (1987). Thus, the statement of facts approved by the trial court did not include this information. No other evidence in

-

the statement of facts indicated that husband's only income was social security disability, and even if the record had contained such evidence, it did not indicate the amount of that income as compared to husband's expenses.

Further, the evidence established that husband received the net proceeds from a $250,000 personal injury settlement in August of 1995, around the time the parties separated. Husband testified at the show cause hearing in November 2000 that he invested this money in a business that failed, but the evidence offered to the trial court in the show cause proceeding did not establish when this failure occurred. Thus, no evidence properly before us on appeal establishes that husband was financially unable to pay wife in accordance with the settlement agreement in August 1997 when he extended the settlement offer or in December 1997 when the trial court entered the final decree incorporating the settlement agreement. The evidence, even viewed in the light most favorable to husband, establishes only that the business had failed by the time of the November 22, 2000 hearing on wife's motion to show cause and, therefore, does not justify husband's nonpayment prior to that time. Finally, the trial court was not required to believe husband's testimony in its entirety. It was entitled to accept his testimony about receiving the personal injury settlement proceeds and to reject his testimony that he lost the money when his business failed, especially in light of husband's statement

-

on January 22, 2001 that he had access to sufficient funds to allow him to "make arrangements to assume the remaining balance of the mortgage and to pay the legal fees and costs owing to [wife's] divorce counsel."

Thus, viewing the evidence in the light most favorable to wife, husband did not meet his burden of providing justification for his failure to comply with the final decree, and the court did not abuse its discretion when it found him in contempt.

For these reasons, we affirm the ruling of the trial court.

<u>Affirmed.</u>

-