COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Chesapeake, Virginia


BRIAN PATRICK CALVIN
                                        OPINION BY
v.   Record No. 0384-99-1      JUDGE JERE M. H. WILLIS, JR.
                                    DECEMBER 21, 1999
ELIZABETH JANE CALVIN


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     Everett A. Martin, Jr., Judge

            Stephen Merrill (Ghent Law Offices, on
            brief), for appellant.

            No brief or argument for appellee[1].


     On appeal from a final divorce decree, Brian Patrick Calvin

contends that the trial court erred in (1) awarding substantial

spousal support to a spouse who has committed adultery in the

absence of a showing of fault by the payor spouse, (2)

calculating the amount of spousal support payments, and (3)

allowing the taking of additional evidence following completion

of the record.  Because we find no abuse of discretion, we

affirm the judgment of the trial court.

---

     [1] Appellee filed no brief.  Shortly before the date
scheduled for oral argument, appellee moved to be permitted to
argue orally.  No good cause being shown for appellee's failure
to file a brief, the motion is denied.  See Rule 5A:26.

## I.  Background

"On appeal, we review the evidence in the light most favorable to the prevailing party below . . . .  Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court."  Ferguson v. Stafford County Dep't of Social Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992) (citation omitted).

Brian Patrick Calvin and Elizabeth Jane Calvin were married on May 3, 1986.  They have two sons, one born of the marriage and one born to Mrs. Calvin and adopted by Mr. Calvin.  The couple separated permanently in August 1994.  Mrs. Calvin sued for divorce on the ground of desertion.  Mr. Calvin filed a cross-bill alleging adultery.  The commissioner found that Mrs. Calvin was vindictive and cruel to Mr. Calvin, that she destroyed the couple's property at Mr. Calvin's expense, and that she committed adultery.  The commissioner recommended that a divorce be granted to Mr. Calvin on the ground of Mrs. Calvin's adultery.

On Mrs. Calvin's motion, the trial court re-referred the case to the commissioner, who heard new evidence concerning Mrs. Calvin's back surgery and its effects on her employment.  Mrs. Calvin testified that she had trouble obtaining new employment and that she could not afford health insurance.  On September 1, 1998, the commissioner supplemented his original report with a

-

recommendation that Mr. Calvin be ordered to pay a lump sum of $10,080 in spousal support. The trial court affirmed the commissioner's findings. On January 22, 1999, it granted Mr. Calvin a divorce on the ground of adultery. Ruling that the denial of spousal support to Mrs. Calvin "would be a manifest injustice given her health condition, her reliance during the marriage on the financial support of [Mr. Calvin] and her present lack of health insurance coverage," the trial court ordered Mr. Calvin to pay Mrs. Calvin $10,080 lump sum spousal support over a three year period.[2]

## II. Taking of Additional Evidence

We first consider whether the trial court erred in ordering the commissioner to reconsider an award of spousal support. Mrs. Calvin presented new evidence regarding her health problems and their effect on her ability to work and to secure health insurance coverage. The commissioner heard new evidence on this issue only. He reported that Mrs. Calvin's health had deteriorated following the initial hearing and that her inability to work full time and to obtain health insurance required an award of spousal support to avoid a manifest injustice. The evidence supports that finding.

---

[2] The parties have not questioned on appeal whether the circumstances in this case justify the trial court's decision to award alimony as a lump sum. See Blank v. Blank, 10 Va. App. 1, 5-6, 389 S.E.2d 723, 725-26 (1990). Therefore, we do not address that issue.

-

Mr. Calvin contends that the re-referral and taking of further evidence was error.  "The granting or denying of a motion to hear additional evidence is within the sound discretion of the trial court."  Rowe v. Rowe, 24 Va. App. 123, 144, 480 S.E.2d 760, 770 (1997) (citing Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986)).  The evidence at issue addressed whether a denial of spousal support would "constitute a manifest injustice."  See Code § 20-107.1.  Finding no abuse of discretion, we affirm the trial court's determination that new evidence on this subject should be considered.

### III.  Spousal Support

Mr. Calvin contends that the trial court erred in awarding Mrs. Calvin spousal support because the divorce was granted on the ground of her adultery.  He argues further that the amount of the spousal support was erroneous.

> [N]o permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under the provisions of subdivision (1) of § 20-91.  However, the court may make such an award notwithstanding the existence of such ground if the court determines from clear and convincing evidence, that a denial of support and maintenance would constitute a manifest injustice, based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties.

Code § 20-107.1(B).

-

Generally, a spouse who commits adultery is not entitled to spousal support.  However, we have previously ruled as follows:

> While the husband correctly argues that Code § 20-107.1 identifies adultery as the single fault ground for divorce which precludes "permanent maintenance and support" to the offending spouse, this limitation is not absolute.  Notwithstanding a finding of adultery, a court "may award" spousal support, provided "the court determines from clear and convincing evidence, that a denial of . . . [such support] would constitute a manifest injustice, based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties."

Williams v. Williams, 14 Va. App. 217, 220-21, 415 S.E.2d 252, 254 (1992) (citation omitted).

The respective degrees of fault in this case weigh heavily in favor of Mr. Calvin.  Therefore, any "manifest injustice" resulting from a denial of spousal support must derive from the "relative economic circumstances of the parties."  Mrs. Calvin testified clearly and without contradiction at the supplemental commissioner's hearing that she had undergone back surgery and had lost her job.  Although she admitted that at the time of the hearing she had found other employment, her job was part-time and provided less income than her previous employment.  She testified that she could neither secure health insurance through her employment, nor afford it on her own.

The commissioner reported that "Mrs. Calvin's health has deteriorated since [the initial hearing]. . . .  Given Mrs.

-

Calvin's medical history, her current medical condition which requires continued medical treatment, her lack of health insurance, and the fact that Mr. Calvin has almost wholly supported her during the marriage, [the] commissioner finds that a denial of spousal support would constitute a 'manifest injustice' under . . . Code § 20-107.1." The commissioner recommended an award of $10,080 support payable to Mrs. Calvin over a three year period "in order to provide [her] with funding sufficient to cover her medical expenses and adequate time in which to procure medical benefits and full time employment." Overruling Mr. Calvin's exception, the trial court accepted this recommendation. Clear and convincing evidence supports that decision.

"In regard to the amount of the spousal support award, we will reverse an award on that basis only for an abuse of discretion or the judge's failure to consider all the factors set forth in Code § 20-107.1." Barnes v. Barnes, 16 Va. App. 98, 103, 428 S.E.2d 294, 298 (1993) (citation omitted). "The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the trial court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

The award of spousal support "'will not be disturbed except for a clear abuse of discretion.'" Dodge v. Dodge, 2 Va. App.

-

238, 246, 343 S.E.2d 363, 367 (1986) (citation omitted).  We find no such abuse.  Credible evidence in the record establishes that the amount of support ordered is consistent with Mrs. Calvin's needs and Mr. Calvin's ability to pay.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>