COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Frank
Argued at Chesapeake, Virginia


LOTHAR W. NASS

                                    MEMORANDUM OPINION* BY
v.    Record No. 1882-00-1           JUDGE RICHARD S. BRAY
                                         APRIL 10, 2001
ARLENE WOLIN NASS


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    John C. Morrison, Jr., Judge

            G. Michael Price (Connor & Price, P.C., on
            brief), for appellant.

            Janice Pickrell Anderson (Kellam, Pickrell,
            Cox & Tayloe, P.C., on brief), for appellee.


     Lothar W. Nass (husband) and Arlene Wolin Nass (wife) were

divorced by decree of the trial court entered July 5, 2000.

Husband appeals, complaining the trial court erroneously awarded

wife a divorce "on fault grounds," denied him spousal support and

determined the former residence of the parties was not a marital

asset, wasted by wife.  Finding the court incorrectly refused to

decree the divorce pursuant to Code § 20-91(A)(9), notwithstanding

a motion in accordance with Code § 20-121.02, we remand solely for

appropriate amendment of the decree.  In all other particulars, we

find no error and affirm the trial court.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

Guided by well established principles, we consider the evidence most favorably to the prevailing party below, wife in the instant appeal. Cook v. Cook, 18 Va. App. 726, 731, 446 S.E.2d 894, 896 (1994). "'While the report of a commissioner in chancery does not carry the weight of a jury's verdict, . . . it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence.'" Kelker v. Schmidt, 34 Va. App. 129, 137, 538 S.E.2d 342, 346 (2000) (citation omitted). "'Once adopted by the chancellor, . . . actions, findings and recommendations of the commissioner become those of the . . . court and are due considerable deference on appeal.'" Id. (citation omitted). Thus, "a decree that has confirmed a commissioner's report . . . will be affirmed unless plainly wrong." Seemann v. Seemann, 233 Va. 290, 293, 355 S.E.2d 884, 886 (1987).

The relevant facts are substantially uncontroverted. The parties married on February 28, 1976, no children were born to the marriage, and they separated on March 18, 1996. Husband thereafter instituted suit for divorce from bed and board pursuant to Code § 20-95, alleging that a series of violent assaults upon him by wife on the day of separation constituted "cruelty and constructive desertion," and seeking, inter alia,

-

equitable distribution and spousal support.  In responsive pleadings, wife denied any wrongdoing and, by cross-bill, likewise accused husband of "cruelty" resulting from a violent assault, followed by "desertion," on March 18, 1996, and prayed for relief pursuant to Code § 20-107.3 and otherwise.

## I.   The Divorce

Wife proceeded on her cross-bill before a commissioner in chancery designated by the trial court.  Following extensive ore tenus hearings, the commissioner reported that wife's corroborated testimony "revealed that . . . [husband], on March 18, 1996, assaulted and generally physically abused [her], causing her to . . . fear . . . further injury."  The commissioner, therefore, concluded husband was then "guilty of conduct toward [wife] constituting cruelty tantamount to constructive desertion," which resulted in "continuous and uninterrupted [separation] ever since," a period in excess of one year.  Accordingly, the commissioner recommended a "decree be entered . . . granting . . . [wife] . . . a divorce A Vinculo Matrimonii" from husband, "upon the grounds . . . of constructive desertion" on March 18, 1996.

In exceptions to the commissioner's report, husband contended wife had "elected to go forward on a no-fault grounds," with husband's "acquiescence," in accordance with Code § 20-121.02.  In support of his assertion, husband relied upon the commissioner's comments on the second day of hearings:  "I'm

-

told that the last time we were here we resolved the fault grounds.  The divorce will be obtained on no fault grounds, put . . . another way."  The court, however, overruled husband's exceptions and granted wife a divorce a vinculo matrimonii "on the grounds that [husband] deserted [her] on" March 18, 1996.

On appeal, husband contends the court erroneously granted "a divorce on fault grounds," "[i]n the face of the agreement of the parties that the divorce would be on no fault grounds only." Wife does not dispute the concurrence of the parties in a motion before the commissioner to proceed on no fault grounds, but, because the evidence established fault, finds no error in the report and attendant decree.

Code § 20-121.02, provides in pertinent part,

> In any divorce suit wherein a bill of complaint or cross-bill prays for a divorce . . . from bed and board under § 20-95, at such time as there exists in either party's favor grounds for a divorce from the bonds of matrimony under § 20-91(9), either party may move the court wherein such divorce suit is pending for a divorce from the bonds of matrimony on the grounds set out in § 20-91(9) without amending the bill of complaint or cross-bill.

Code § 20-91(A)(9) authorizes "[a] divorce from the bond of matrimony . . . [o]n application of either party if and when the husband and wife have lived separate and apart without any cohabitation and . . . interruption for one year."

Here, the record confirms a timely motion by one or both parties, pursuant to Code § 20-121.02, to obtain the divorce in

-

accordance with the provisions of Code § 20-91(A)(9), together with sufficient evidence to support such relief. Nevertheless, the commissioner and trial court disregarded the motion, resulting in an inconsistent recommendation and decree. Under such circumstances, husband is entitled to an amendment in the decree, awarding wife a no fault divorce pursuant to Code § 20-91(A)(9).

## II. Spousal Support

Code § 20-91(A)(9)(c) provides, inter alia, that "[a] decree of divorce granted pursuant to [Code § 20-91(A)(9)] shall in no way lessen any obligation any party may otherwise have to support the spouse unless such party shall prove [the] exist[ence] in favor of such party some other ground of divorce . . . ." Thus, spousal support remains an issue in the subject cause, and husband complains the court erroneously denied him such relief.

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). In resolving the issue, the court "shall consider the circumstances and factors which contributed to the dissolution of the marriage, specifically including adultery and any other ground for divorce under . . . subdivision (3) or (6) of § 20-91 or § 20-95." Code § 20-107.1(E). However, "[t]he statute fails to specify how such grounds or circumstances are to be considered in making

-

such a threshold determination."[1]  Peter N. Swisher et al.,

Virginia Family Law § 9-4(a) n.3 (2d ed. 1997).  Once an award

is deemed appropriate, the court must consider those factors

enumerated in Code § 20-107.1 in "determining the nature, amount

and duration" of such relief.  Code § 20-107.1(E).  A decision

by the trial court with respect to both entitlement to spousal

support and specifics of the award "'will not be disturbed on

appeal unless it is clear that some injustice has been done.'"

Calvin v. Calvin, 31 Va. App. 181, 186, 522 S.E.2d 376, 379

(1999).

The instant record establishes egregious conduct by husband

toward wife, in the absence of marital fault by her.  Without

recounting the evidence, his violent assault suggested

life-threatening consequences for wife.  Code § 20-107.1(E)

clearly permits the court, after weighing and considering

husband's misconduct, the precipitative event in the separation,

and related evidence, from concluding that he was not entitled

to spousal support.  Accordingly, we find no abuse of

discretion.

---

[1] "'Code § 20-107.1(B) identifies adultery as the single
fault ground for divorce which precludes "permanent maintenance
and support" to the offending spouse, [but] this limitation is
not absolute.'"  Calvin v. Calvin, 31 Va. App. 181, 185, 522
S.E.2d 376, 378 (1999) (citation omitted).

## III.  The Former Residence

Lastly, husband complains the court erroneously decreed "the former marital house is not a marital asset nor considered a waste asset subject to  . . . equitable distribution." Assuming, without deciding, that husband's evidence supported classification of the parties' former residence as marital property, complemented by related evidence necessary to a monetary award pursuant to Code § 20-107.3, the record clearly fails to establish waste.

Waste or dissipation of marital assets "occurs 'where one spouse uses marital property for his own benefit and for a purpose unrelated to the marriage <u>at a time when the marriage is undergoing an irreconcilable breakdown</u>.'"  <u>Smith v. Smith</u>, 18 Va. App. 427, 430, 444 S.E.2d 269, 272 (1994) (citation omitted).  Thus, "[o]ur case law uniformly holds that the challenged use of funds must be 'in anticipation of divorce or separation . . . [and] at a time when the marriage is in jeopardy,'" with the burden of proof resting upon the aggrieved spouse.  <u>Id.</u> (citations omitted).

As reported by the commissioner and reflected in the disputed decree, the record establishes that a sudden, explosive event, which occurred on March 18, 1996, resulted in an "irreconcilable breakdown" in the marriage, several months after wife conveyed the realty in issue to husband's daughter.  Such

evidence failed to establish the contemporaneous marital discord requisite to the doctrine of waste.

Accordingly, we reverse the award of divorce to wife from husband upon the ground of desertion and remand the proceedings to the trial court <u>solely</u> to permit amendment of the decree to provide relief pursuant to Code § 20-91(A)(9).  We, otherwise, affirm the decree in all particulars.

<u>Affirmed in part and reversed and remanded in part</u>.

-