COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and McClanahan
Argued at Chesapeake, Virginia


BRIAN LEE WINEBARGER

MEMORANDUM OPINION[*] BY
v.   Record No. 2913-02-1        JUDGE ELIZABETH A. McCLANAHAN
                                        AUGUST 12, 2003
SANDRA SULIK WINEBARGER


FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
William H. Shaw, III, Judge

Breckenridge Ingles (Martin, Ingles & Ingles,
Ltd., on brief), for appellant.

No brief or argument for appellee.


Brian Lee Winebarger (husband) appeals a reservation of

spousal support to Sandra Sulik Winebarger (wife) in a divorce

proceeding.  Husband contends: (1) the trial court improperly

reserved spousal support to wife given a finding of adultery on

the part of wife; and (2) wife failed to prove by clear and

convincing evidence that, despite her adultery, a denial of

support and maintenance would constitute a manifest injustice

based upon the parties' respective degrees of fault during the

marriage and their relative economic circumstances.  The two

questions raise a single issue, which is whether the trial court

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

erred in reserving spousal support to wife. For the reasons that follow, we reverse the judgment of the trial court.

## I. BACKGROUND

The parties were married on December 23, 1975. One child was born of the marriage in 1989. On April 16, 2001, after 26 years of marriage, and without warning to husband, wife left the marital residence and moved into a motel in Newport News. Wife filed a Bill of Complaint for divorce on April 17, 2001. When husband found wife at the motel, she told him that their marriage was over. Husband filed an Answer and Cross-Bill for divorce on May 15, 2001.

A _pendente_ _lite_ hearing was held on July 13, 2001, at which wife admitted that she was living with a man named Charles Thomas and that they had engaged in sexual relations prior to the hearing. About a year later, on June 11, 2002, wife failed to answer within the specified time a Request for Admissions sent by husband. As a result, wife was deemed to have admitted that she had lived with Thomas since April 2001, that they had regularly engaged in sexual relations since that time, and that she had deserted husband on April 16, 2001. In deposition testimony on July 10, 2002, wife again admitted to living with Thomas and admitted that they had engaged in sexual relations after the parties had separated.

On July 30, 2002, the trial court heard evidence with regard to the grounds of divorce, equitable distribution and

-

spousal support.  Prior to the hearing, husband filed proffers in accordance with Code §§ 20-107.1, 20-107.3, and 20-124.3. Wife did not file any proffers.  Fault issues were addressed by deposition testimony, which was introduced into evidence at trial.  Husband testified at trial and introduced exhibits. Wife did not testify nor introduce any exhibits.

By letter opinion dated September 23, 2002, the trial judge held that husband was entitled to a divorce on the grounds that wife deserted the marriage.  He found that wife's adultery did not constitute a bar to spousal support, but that wife's claim for such was reserved.  The judge further stated that in the absence of evidence on wife's needs, living or working arrangements or opportunities, an award of spousal support would require unacceptable speculation.  A decree of divorce, which incorporated the letter opinion, was entered October 25, 2002, to which husband objected regarding reservation of spousal support.

## II.  ANALYSIS

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court.'"  Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)).  On appeal, a trial court's decision on spousal support will not be reversed "'unless there has been a clear

-

abuse of discretion.'"  Id. (quoting Moreno v. Moreno, 24

Va. App. 190, 194-95, 440 S.E.2d 792, 794 (1997)).

An abuse of discretion can be found if the trial court uses

"an improper legal standard in exercising its discretionary

function."  Thomas v. Commonwealth, 263 Va. 216, 233, 559 S.E.2d

652, 661 (2002).  A trial court, "'by definition abuses its

discretion when it makes an error of law.'"  Shooltz v. Shooltz,

27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon

v. United States, 518 U.S. 81, 100 (1996)).  An abuse also

exists if the trial court makes factual findings that are

plainly wrong or without evidence to support them.  Code

§ 8.01-680; Northcutt, 39 Va. App. at 196, 571 S.E.2d at 914.

This standard applies to a "trial court's decision to award

spousal support to a party despite his or her adultery" as it

does to any other domestic relations case.  Rahbaran v.

Rahbaran, 26 Va. App. 195, 212, 494 S.E.2d 135, 143 (1997).

Code § 20-107.1(B) provides that "no permanent maintenance

and support shall be awarded from a spouse if there exits in

such spouse's favor a ground of divorce under the provisions of

subdivision (1) of § 20-91," which provisions include adultery.

In determining whether a party is eligible for spousal support,

"the court must determine whether either of the parties is

barred from receiving support due to the existence of a marital

fault amounting to a statutory ground for divorce."  Thomasson

v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983);

-

<u>Dukelow v. Dukelow</u>, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1986).  But, even where such a marital fault exists, the statute provides a narrow exception that reads:

> the court may make such an award notwithstanding the existence of such ground if the court determines from clear and convincing evidence, that a denial of support and maintenance would constitute a manifest injustice, based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties.

Code § 20-107.1(B).  Application of the exception requires: (1) that the evidence must rise to the level of clear and convincing proof; (2) that there must be a finding of manifest injustice; and (3) in determining whether there is a manifest injustice that the trial court consider (a) the relative degree of fault of each party <u>and</u> (b) the economic disparities between the parties.  <u>Barnes v. Barnes</u>, 16 Va. App. 98, 102, 428 S.E.2d 294, 298 (1993); <u>see</u> <u>Congdon v. Congdon</u>, 40 Va. App. 255, 578 S.E.2d 833 (2003) (clarifying <u>Calvin v. Calvin</u>, 31 Va. App. 181, 186, 522 S.E.2d 376, 378 (1999)).

In this case, the judge acknowledged that wife committed adultery, a marital fault that amounts to a statutory ground for divorce under Code § 20-91(1).  Therefore, in order for wife to be entitled to spousal support, it was necessary for the court to find by clear and convincing evidence that a denial would constitute a manifest injustice, as contemplated by the exception provided in Code § 20-107.1(B).  However, the court

-

failed to address either the relative degree of fault of each party or the economic disparities between the parties, as required by the statute and Barnes.

With regard to fault, the court found that wife deserted the marriage, which entitled husband to a divorce on those grounds.  Wife admitted to committing adultery.  The court made no assignment of fault on the part of the husband.  Yet, when reserving spousal support to the wife, the court did not compare the degrees of fault on the part of husband and wife.  The judge summarily concluded, "The [c]ourt does not consider that [w]ife's adultery constitutes a bar to an award."

With regard to the economic disparities between the parties, the court wrote, "While given the length of the marriage, and disparity in incomes, an award might be otherwise warranted, there is insufficient evidence upon which to base an award.  Wife filed no proffers and presented no acceptable evidence regarding her needs, her present living and working arrangements or her opportunities."  Consequently, there was certainly no evidence that rose to the level of clear and convincing proof that a denial of spousal support and maintenance would constitute a manifest injustice, and the court never found such.  Therefore, the exception provided in Code § 20-107.1(B) cannot apply.

The trial court was plainly wrong and without supportive evidence in reserving spousal support.  Adultery bars an award

-

of support unless the narrow exception of Code § 20-107.1(B) applies. The trial court did not find by clear and convincing evidence that a denial of support would constitute a manifest injustice. Accordingly, this Court reverses the trial court's decision reserving spousal support to wife.

<u>Reversed and final judgment</u>.
