COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Petty, Chafin and Senior Judge Annunziata


ARJUN NOWLAKHA

                                                     MEMORANDUM OPINION[*]
v.       Record No. 2377-13-4                            PER CURIAM
                                                        MAY 27, 2014
PETRA ANN NOWLAKHA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Lorraine Nordlund, Judge

(John K. Cottrell; Sam T. Schmitt; Cottrell Fletcher Schinstock
Bartol & Cottrell, on briefs), for appellant.

(David L. Duff; The Duff Law Firm, on brief), for appellee.


Arjun Nowlakha (husband) appeals a spousal support award in a final decree of divorce.

Husband argues that the trial court erred by determining that it would create a manifest injustice to

deny Petra Ann Nowlakha (wife) spousal support in spite of her proven adultery because (A) the

evidence presented at trial did not support a finding of manifest injustice due to the respective

degrees of fault during the marriage; (B) the evidence presented at trial did not support a finding of

manifest injustice due to the relative economic circumstances of the parties; and (C) it based its

decision on a factor other than the two statutory factors, namely that husband "forgave" wife for the

affair.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on June 28, 1987. The parties separated on January 24, 2012 when husband confronted wife with letters he found between wife and another man. Wife later admitted committing adultery on two occasions after the date of separation. Husband attempted to reconcile with wife, but she refused.

On March 30, 2012, husband filed a complaint and sought a divorce based on adultery. Wife filed an answer and cross-claim and requested a divorce based on cruelty and constructive desertion.

During the marriage and after the parties' separation, husband worked at the parties' printing business, Nowlakha, Inc., doing business as Metro Printing. The trial court found that he earned $156,000 per year in income. Husband also earned $24,000 per year in rental income. Therefore, husband's gross monthly income was $15,000.

Wife did not work after the birth of their first child in June 1991, except to occasionally help at the printing business. However, at the time of the final hearing in March 2013, wife was working part-time as a sales clerk and earning $422 per month.

On March 19, 20, and 21, 2013, the parties appeared before the trial court on issues relating to equitable distribution, support, and the grounds for divorce. Both parties submitted written closing arguments. On October 7, 2013, the trial court issued its ruling from the bench. It granted husband a divorce based on adultery, but held that denying wife spousal support would be a manifest injustice. The trial court also ruled on equitable distribution. The matter was continued for the parties to argue the amount and duration of spousal support. On October 24,

2013, the parties presented argument regarding spousal support. Initially, the trial court awarded

wife $5,000 per month in spousal support, but revised the amount the next day to $4,000 per

month. The trial court entered the final order of divorce on November 15, 2013. This appeal

followed.

ANALYSIS

*I. Manifest injustice*

Husband argues that the trial court erred in finding that it was a manifest injustice to deny

spousal support to wife, despite the fact that she committed adultery.

"The trial court's decision to award spousal support to a party despite his or her adultery

will not be disturbed on appeal unless it is plainly wrong or without evidence to support it."

Rahbaran v. Rahbaran, 26 Va. App. 195, 212, 494 S.E.2d 135, 143 (1997) (citing Williams v.

Williams, 14 Va. App. 217, 219, 415 S.E.2d 252, 253 (1992)).

> [N]o permanent maintenance and support shall be awarded from a
> spouse if there exists in such spouse's favor a ground of divorce
> under the provisions of subdivision (1) of § 20-91. However, the
> court may make such an award notwithstanding the existence of
> such ground if the court determines from clear and convincing
> evidence, that a denial of support and maintenance would
> constitute a manifest injustice, based upon the respective degrees
> of fault during the marriage and the relative economic
> circumstances of the parties.

Code § 20-107.1(B).

This Court has explained that there are three components to this statute: "First, the

evidence must rise to the level of 'clear and convincing' proof. . . . Second, the exception applies

only in cases of 'manifest injustice.' . . . Third, the statute limits the fact finder's discretion to

two specific variables: (i) the relative degrees of fault and (ii) the economic disparities between

the parties." Congdon v. Congdon, 40 Va. App. 255, 263-64, 578 S.E.2d 833, 837 (2003) (citing

Code § 20-107.1(B)).

- 3 -

### A. Respective degrees of fault

Husband first argues that the trial court erred by finding that a denial of spousal support would be a manifest injustice because of the respective degrees of fault during the marriage. Husband contends the trial court erred when it emphasized that wife's proven acts of adultery occurred after the parties' separation, on February 13, 2012 and March 1, 2012. He notes that the parties separated after husband confronted wife with the notes to her paramour, which implied that wife was involved with the paramour prior to the parties' separation. Husband also asserts that wife withdrew from the marriage in the fall of 2011, and wife admitted to starting her relationship with her paramour in December 2011. However, wife did not move out of the parties' bedroom until after husband confronted her in January 2012, and she did not move out of the house until husband served her with divorce papers in May 2012. Husband argues that wife's adultery was the cause of the breakdown of the marriage.

Wife presented evidence that their marriage had been deteriorating for some time. She contends her evidence "showed the husband to be physically, sexually and verbally abusive toward her; to be demeaning of her value as his wife; to be secretive and completely un-sharing with family finances; and to be almost irrationally controlling of virtually every aspect of the wife's life."

"'Respective degrees of fault during the marriage' are not limited to legal grounds for divorce. We hold that 'fault during the marriage' encompasses all behavior that affected the marital relationship, including any acts or conditions which contributed to the marriage's failure, success, or well-being." Barnes v. Barnes, 16 Va. App. 98, 102, 428 S.E.2d 294, 298 (1993).

The trial court held that husband did not present clear and convincing evidence that wife committed adultery prior to January 24, 2012, but there was sufficient evidence to prove that wife committed adultery after January 24, 2012. However, as in Barnes, the trial court stated

that wife's adultery was not the "sole source and circumstance of the break up [sic] of this marriage." The trial court found that "the evidence points instead to a gradual dissolution of this marriage that is attributable less to any fault per se, but more to a clash of cultures as well as this couple's inability to communicate." The trial court concluded that "the parties were equally responsible for the dissolution of this marriage leading up to the date of the separation." Considering the standard of review, the trial court did not err in determining the parties' respective roles in the breakdown of the marriage.

### B. Relative economic circumstances

Husband argues that the trial court erred when it held that it would be a manifest injustice to deny wife spousal support because of the parties' relative economic circumstances. He contends the trial court did not consider the amount of cash wife was going to receive from equitable distribution.

The trial court considered the parties' "earning capacity, current incomes, and other economic assets and resources." Husband had a successful business and steady source of income. Wife, on the other hand, had been out of the workforce throughout most of the marriage, but was employable. Based on their incomes and earning capacities, there was a "significant and extreme economic disparity."

However, contrary to husband's argument, the trial court's analysis does not end with a discussion of their incomes and earning capacities. The trial court acknowledged that wife will receive a "large monetary award," but she was not receiving any income producing properties or assets. The trial court stated that wife's equitable distribution award did not "alleviate or do away with or eliminate the serious economic disparity which exists between the parties and their relative future earning capacities and abilities to support themselves."

- 5 -

Based on the record, it is clear that the trial court considered the parties' economic situations and their abilities to support themselves.

> The ultimate issue remains, then, whether clear and convincing evidence of [the parties'] respective degrees of marital fault – coupled with an examination of the economic disparities between them – supports a finding of manifest injustice. This issue resolves itself under our appellate review standard. Under this standard, if "the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court."

Congdon, 40 Va. App. at 266, 578 S.E.2d at 838 (quoting Calvin v. Calvin, 31 Va. App. 181, 183, 522 S.E.2d 376, 377 (1999)). Here, there was sufficient evidence to support the trial court's findings.

Therefore, the trial court's ruling that it would be a manifest injustice to deny wife spousal support despite her admitted adultery is affirmed.

### C. Husband's forgiveness of wife's adultery

Husband argues that the trial court erred by basing its decision to award spousal support on another factor besides the two statutory factors in Code § 20-107.1(B). Husband contends the trial court placed too much emphasis on the fact that husband told wife that he forgave her after he learned about her adultery.

When the trial court issued its ruling from the bench, it discussed the fact that husband forgave the wife after it explained that it was not going to "rehash all of the facts that the Court analyzed and considered in reaching its determination that the parties were equally responsible for the dissolution of the marriage leading up to the date of the separation." Contrary to husband's argument, the trial court reviewed the evidence about husband telling wife that he forgave her in context of the parties' respective degrees of fault, and not as a separate factor for determining whether it would be a manifest injustice to deny her spousal support.

- 6 -

*II. Attorney's fees and costs*

Both parties have requested an award of attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>