COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, AtLee and Athey
Argued at Lexington, Virginia

PUBLISHED

ADAM CHRISTOPHER ARMSTRONG

v.        Record No. 0215-19-3

KRISTY MARIE ARMSTRONG

OPINION BY
JUDGE MARY GRACE O'BRIEN
NOVEMBER 12, 2019

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

William C. Scott IV (Law Office of William C. Scott, IV, PLC, on
brief), for appellant.

Derrick W. Whetzel; W. Andrew Harding, Guardian *ad litem* for the
infant child[1] (Convy & Harding, PLC, on brief), for appellee.

Adam Christopher Armstrong ("father") and Kristy Marie Armstrong ("mother") were

married on May 16, 2015, and are the parents of one daughter, A.A.,[2] born July 11, 2016.  After a

trial on issues of divorce, custody, and visitation, the court granted father primary physical custody

of A.A., but it ordered that the parents share joint legal custody.  Father appeals the court's award of

joint legal custody.  He contends the court abused its discretion as a matter of law by ordering joint

legal custody because a protective order prohibits "contact of any kind" between the parties.

Further, he argues the court abused its discretion by finding that joint legal custody was in the

child's best interests.

---

[1] Pursuant to Rule 5A:19(d), the guardian *ad litem* filed a notice relying on mother's brief
and argued in support of her position.

[2] We use initials, instead of the child's name, to protect her privacy.

BACKGROUND

Father and mother had a tumultuous marriage with several separations and reconciliations. During their separations after A.A.'s birth, the parties agreed to shared custody arrangements, and they separated permanently on January 20, 2017.

Father filed for divorce on October 10, 2017, and he requested sole legal and primary physical custody of A.A. On November 27, 2017, father obtained a protective order against mother in the Rockingham County Juvenile and Domestic Relations District Court. Pursuant to Code § 16.1-279.1, the order prohibited mother from having any contact with either father or A.A. Mother appealed to circuit court. Following an evidentiary hearing, the court granted father a protective order until December 11, 2019, but modified the conditions to only prohibit mother from contacting father, not A.A.[3] The parties stipulated that the transcript and evidence from the protective order trial would be admissible in the divorce and custody case.

During their marriage and while the divorce and custody trial was pending, mother and father initiated various criminal and civil proceedings against each other, including a child abuse claim filed by father against mother, which was dismissed. Mother filed criminal assault charges against father that she later recanted. Additionally, father obtained a warrant against mother for violating the protective order. That charge was dismissed as well.

Following various *pendente lite* hearings, on August 24, 2018, the court heard the issues of the grounds for divorce, custody, and visitation. The court subsequently issued a written opinion that granted father a divorce on the ground of cruelty and determined custody and visitation after considering the factors enumerated in Code § 20-124.3.

_____

[3] Father appealed the court's decision not to include A.A. in the protective order. This Court affirmed. Armstrong v. Roadcap, No. 0141-18-3 (Va. Ct. App. Oct. 30, 2018).

In its opinion, the court found that both parties enjoyed a close relationship with A.A., and although the parent-child bond was equally strong for father and mother, each parent had deficits. The court had concerns that mother was "highly erratic" and verbally and physically abusive toward father. The court found that father "offers a more stable living situation than [mother]" and "provided certainty and stability to the child during the parties' separation." However, the court described father as "calculating" and found that he "pushes [mother's] buttons, then decries her erratic response." It determined that father "has clearly cut [mother] out of his life" and is "attempting to strategically take [her] out of [A.A.'s] life as well." The court concluded, however, that mother's erratic and abusive behavior toward father was "so extreme that the stability [father] provides outweighs his negatives." Accordingly, the court granted father primary physical custody and established a visitation schedule for mother.

The court awarded the parties joint legal custody. It specifically referenced the protective order in its letter opinion and found that father "uses the protective order as part of an offensive stratagem. It has become a sword in the custody matter instead of a shield." Although the court found that "[b]oth parents are unable to cooperate in resolving disputes," it also noted their "red-hot hatred has cooled to a slightly lower-grade, weary hatred" and expressed hope that they may be able to "move on." The court directed the parties to communicate concerning the child "SUBJECT TO THE PROTECTIVE ORDER" with "[n]o telephone calls, except in emergency situations, or by written agreement," and advised counsel to include a provision in the divorce decree addressing third-party exchanges of the child. Accordingly, the decree provided for exchanges either at A.A.'s daycare or Family Community Education offices. The decree also reiterated that all communication between the parties was subject to the protective order.

After a subsequent hearing on mother's motion for attorneys' fees and father's motion to reconsider, the court entered a final order, and this appeal followed.

DISCUSSION

We review a court's decision regarding child custody for an abuse of discretion. Albert v. Albert, 38 Va. App. 284, 294 (2002). Under this standard, the Court views the evidence in the light most favorable to the prevailing party and does not "retry the facts or substitute [its] view of the facts for [that] of the trial court." Congdon v. Congdon, 40 Va. App. 255, 266 (2003) (quoting Calvin v. Calvin, 31 Va. App. 181, 183 (1999)). If "evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538 (1999).

Father contends the court abused its discretion as a matter of law by awarding joint legal custody because the protective order, prohibiting mother from contacting father, makes joint legal custody "impossible to implement." Because no case law directly supports father's position, he bases his argument on the definition of "joint custody" in Code § 20-124.1:

> "Joint custody" means . . . joint legal custody where both parents retain joint responsibility for the care and control of the child and joint authority to make decisions concerning the child even though the child's primary residence may be with only one parent.

Father asserts that joint custody is untenable because the parties are incapable of communication under the protective order. However, Code § 20-124.1 does not make direct communication between the parties a prerequisite for joint legal custody. The parties are free to communicate through counsel or other agreed-upon third parties without violating the terms of a no contact protective order issued pursuant to Code § 16.1-279.1.[4] See Elliott v. Commonwealth, 277 Va. 457, 463 (2009) ("[T]he General Assembly clearly intended protective orders to safeguard the health and physical safety of a petitioner."). Further, the parties are already accustomed to using third parties for custody exchanges. Communicating through agreed-upon third parties for the

---

[4] At oral argument, father conceded that communication through counsel would not violate the protective order.

- 4 -

limited purpose of making decisions essential to joint legal custody does not "pierce the protective barrier" between mother and father. Id. at 464. Therefore, the existence of a protective order does not make such contact a legal impossibility.

Father also contends it was an abuse of discretion for the court to find that joint legal custody was in A.A.'s best interests. In issues of child custody, "the court's paramount concern is always the best interests of the child." Vissicchio v. Vissicchio, 27 Va. App. 240, 246 (1998) (quoting Farley v. Farley, 9 Va. App. 326, 327-28 (1990)). "A trial court's determination of a child's best interests 'is reversible on appeal only for an abuse of . . . discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'" Id. (quoting Farley, 9 Va. App. at 328). See also Hughes v. Gentry, 18 Va. App. 318, 321-22 (1994).

The Supreme Court has identified three principal ways a circuit court abuses its discretion:

> [1] when a relevant factor that should have been given significant weight is not considered; [2] when an irrelevant or improper factor is considered and given significant weight; and [3] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

Lambert v. Sea Oats Condo. Ass'n, Inc., 293 Va. 245, 252-53 (2017) (quoting Manchester Oaks Homeowners Ass'n v. Batt, 284 Va. 409, 429 (2012)).

Father acknowledges that the court considered the necessary factors for determining custody under Code § 20-124.3, but he argues the court "committed a clear error of judgment" in weighing the factors because it ignored the acrimony between the parties when it awarded joint legal custody. He contends the court failed to put due weight on the statutory factor requiring a court, when determining a child's best interests, to consider

> [t]he relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the *ability of each parent to cooperate in and resolve disputes* regarding matters affecting the child[.]

Code § 20-124.3(7) (emphasis added).

A trial court "shall consider" all the statutory factors in determining the "best interests of a child" for custody and visitation. Code § 20-124.3. See also Code § 20-124.2(B). Failure to consider all the factors set out in Code § 20-124.3 is reversible error. Piatt v. Piatt, 27 Va. App. 426, 434 (1998). However, the court "is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345 (1986)). See also O'Rourke v. Vuturo, 49 Va. App. 139, 150-51 (2006). "Where the record contains credible evidence in support of the findings made by [the] court, we may not retry the facts or substitute our view of the facts for [that] of the trial court." Bedell v. Price, 70 Va. App. 497, 504 (2019) (quoting Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 336 (1992)).

Although the court found that the parties were unable to communicate or cooperate in resolving disputes, it also found that the acrimony between mother and father was dissipating and that they had the capacity to cooperate. Further, it specifically ruled that joint legal custody was in the best interests of the child, after considering not only Code § 20-124.3(7), but the other statutory factors involved in making a custody determination. Because the record contains evidence in support of the court's findings, we are precluded from retrying the facts or reweighing the factors.

Father cites Ewing v. Ewing, 22 Va. App. 466 (1996), superseded by statute on other grounds, Code § 20-108.1(B)(3), as stated in Murphy v. Murphy, 65 Va. App. 581, 593 & n.7 (2015), in support of his contention that the court abused its discretion in awarding joint legal custody where the evidence showed the parties had significant problems communicating. In Ewing, the father did not communicate at all with either the mother or the child's maternal aunt, who served as a neutral third party facilitating visitation exchanges. Id. at 469. We found that the court, in the exercise of judicial discretion, was not prohibited from awarding sole legal custody to the mother

under those circumstances.  Id. at 473-74.  However, nothing in Ewing *requires* a court to award sole legal custody when the record establishes a lack of communication regarding the child.

Here, the court expressly found that "[b]oth parents are unable to cooperate in resolving disputes," and it declined to award sole legal custody to either parent.  It did not single out either mother or father for obstructionist conduct but did note that father is "attempting to strategically take [mother] out of child's life."  The court's award of joint legal custody was a reasonable measure to prevent father from using primary physical custody to curtail mother's relationship with A.A.

Father contends the court erred by awarding joint legal custody on the assumption that the protective order would expire in December 2019.  He argues that this assumption not only is speculative but also violates the principle that "[c]ustody determinations must be based upon the child's best interest as viewed under the circumstances existing at the time of the decision." Cloutier v. Queen, 35 Va. App. 413, 425 (2001).  The court considered the evidence it heard in the protective order trial as part of the divorce and custody case.  It was aware of the facts that gave rise to the protective order and its provisions.  Although the court noted that the December 2019 expiration date was in the "foreseeable future," it made a custody determination that was expressly "subject to the protective order."  By its own terms, the custody order contemplates existing circumstances rather than a speculative future.

## CONCLUSION

For the foregoing reasons, we find that the court did not abuse its discretion in awarding the parties joint legal custody.

Affirmed.